## SIDEBOTTOM v. JULIFF. (No. 10463.)

(Court of Civil Appeals, of Texas., Fort Worth. Dec. 15, 1923.)

**1. Appeal and error ⟨⟩780(1)—Motion to dismiss appeal on certain ground denied on theory that truth of ground would require affirmance.**

The Court of Civil Appeals, on defendant's appeal from judgment overruling his plea of privilege, will not dismiss appeal on the ground that the defendant waived his plea of privilege by answering to the merits, but, on determining that defendant waived plea of privilege, will affirm the judgment.

**2. Venue ⟨⟩7—Delivery of sales tickets with goods to buyer does not make the contract a "contract in writing," within statute as to venue.**

The fact that seller delivered to buyer sales tickets specifying amount of goods, price, and name of buyer, on delivery of goods under verbal contract previously entered into, did not make the contract one "in writing," within Rev. St. art. 1830, subd. 5, providing that where a person has contracted in writing to perform an obligation in a particular county the suit may be brought in such county or county in which defendant has his domicile.

**3. Venue ⟨⟩7—"Contract in writing" not made by delivery of memorandum containing list of articles sold to buyer.**

A "contract in writing" or a written contract is not made by seller giving to the buyer a written list of articles sold, as a mere memorandum, and the buyer accepting such writing for the purpose for which it was intended (citing Words and Phrases, Second Series, Written Contract).

**4. Venue ⟨⟩7 — Test stated for determining whether one has contracted in writing to perform obligation in a particular county.**

In determining whether one has contracted in writing to perform a contract in a particular county, under Rev. St. art. 1830, subd. 5, providing that where a person has contracted in writing to perform an obligation in any particular county suit may be brought either in such county or county in which defendant has his domicile, the written contract, if any, must alone be looked to; a parol agreement being immaterial.

**5. Appeal and error ⟨⟩1082(1)—Decision of county court, on appeal from justice's court, overruling plea of privilege, not sustained on ground of waiver of plea where no finding on waiver.**

Where, after defendant's plea of privilege in justice's court was overruled, he filed his answer and then withdrew it and appealed to the county court, which also overruled his plea, the Court of Civil Appeals on appeal from such ruling will not sustain the venue on the ground that the defendant waived plea by answering to merits, in the absence of a finding on waiver, since the answer to the merits in the justice's court was not required to be in writing, and the Court of Civil Appeals is unable to say whether such answer was subject to the county court's action on appeal.

Appeal from Hood County Court; R. M. Mugg, Judge.

Suit by W. F. Juliff against J. L. Sidebottom. From judgment overruling his plea of privilege, the defendant appeals. Reversed and rendered.

E. M. Hyder, of Fort Worth, and Estes & Estes, of Granbury, for appellant.

Oxford & Oxford, of Plainview, for appellee.

BUCK, J. In this case, W. F. Juliff sued J. L. Sidebottom in justice precinct No. 1, Hood county, for debt on verified account. Defendant filed his plea of privilege to be sued in the county and precinct of his residence, to wit, precinct No. 1, Tarrant county. There is no question raised as to the sufficiency of the form of said plea. Said plea was filed April 22, 1922. A controverting affidavit was filed on May 8, 1922, in which it was alleged that a greater part of said debt was contracted to be paid in Hood county, and that the balance was agreed to be paid in the county and precinct of the suit. The transcript of the justice court shows that the suit was filed April 5, 1922, plea of privilege overruled, and defendant excepted, and defendant filed his answer to the case on May 12th, and withdrew his answer on May 18th. An appeal bond was filed May 12th, and on appeal to the county court defendant's plea of privilege was overruled, and he has appealed to this court on the action of the county court in overruling his plea of privilege.

[1] Appellee has filed a motion to dismiss the appeal on the ground that the defendant waived his plea of privilege by answering to the merits in the justice court. If defendant had waived his plea of privilege by answering to the merits without reserving his right to appeal from the order overruling his plea, such action on his part would not justify this court in dismissing the appeal. If this court should determine that he had waived his plea of privilege, it would affirm the judgment of the trial court, and not dismiss the appeal. Therefore we overrule the motion to dismiss the appeal.

The judge of the county court filed his findings of fact and conclusions of law, and in them he finds that the defendant at no time signed a written contract or agreement to pay the debt in Hood county; that no written contract was made between plaintiff and defendant with reference to the purpose of any of the goods mentioned in the verified account. He does find that—

" * * * At the time some of the items of goods were purchased the plaintiff filled out a sales ticket in duplicate, giving the defend-

ant the copy of same; that this sales slip contained the name of the plaintiff, the amount of the goods sold and the price of same, only except that after the words 'sold to' the name of the defendant was inserted; that the sale was first made and then the sales slip or ticket was filled out and delivered; that said ticket had nothing to do with the sales themselves, but merely indicated the things which had been sold and the price of same for the convenience of the buyer and the seller; that the sales were made on open account; that the defendant always made his payments at the office of the plaintiff."

He concludes from this finding of fact that—

" * * * From the fact that the account had always been paid in Granbury, Hood county, Tex., and it was expected that they would always be paid there, and from the fact that the sales tickets were in writing and accepted by the defendant, they constituted a contract in writing to be performed in Hood county, Tex., and an exception within the terms of the statute requiring that the defendant be sued in the county of his residence."

Article 1830, subd. 5, of the Rev. Civ. Statutes, provides that—

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

[2-4] A contract in writing or a written contract is not made by the seller giving to the buyer a written list of the articles sold, as a mere memorandum, and the buyer accepting such writing for the purpose for which it was intended. 4 Words and Phrases, Second Series, p. 1356. Ordinarily, it must be signed by the party sought to be charged. Ins. Co. v. Ins. Co., 126 Ga. 380, 55 S. E. 330, 334, 7 Ann. Cas. 1134; Lumber Co. v. Taylor, 59 Tex. Civ. App. 442, 126 S. W. 48; Bewley v. Schultz & Sons (Tex. Civ. App.) 115 S. W. 294. In determining whether one has contracted in writing to perform a contract in a particular county so as to control the venue under subdivision 5, art. 1830, the written contract, if any, must alone be looked to; any parol provision of the contract being immaterial. Lumber Co. v. Taylor, supra. Therefore, venue in Hood county cannot be sustained on the ground upon which the trial court based his decision.

[5] Nor do we think we would be justified in sustaining the venue upon the ground of defendant's waiver. The trial court made no finding upon waiver, and the answer to the merits in the county court was not required to be in writing. Therefore we are unable to say whether or not such answer was subject to the court's action on appeal upon the question of the plea of privilege.

The judgment of the court below is here-by reversed, and we enter the judgment which should have been entered below. The cause is transferred to precinct No. 1, Tarrant county.