AUSTIN ROAD COMPANY V. GRADY ANDERSON.

No. A-1442. Decided March 10, 1948.
Rehearing overruled April 14, 1948.
(209 S. W., 2d Series, 595.)

554

*Marion B. Solomon,* of Dallas, and *Fred R. Erisman,* of Longview, for appellant.

*Anglin & Jones* and *Mike Anglin,* all of Longview, for appellee.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

The appeal to the Court of Civil Appeals was from an order of the District Court of Gregg County overruling the plea of privilege of appellant Austin Road Company to be sued in Dallas County, the county of its domicile. Appellee Grady Anderson sought to maintain venue in Gregg County under exception 9 of Article 1995 providing in part that a suit based upon a trespass may be brought in the county where the trespass was committed. The trial court overruled the plea of privilege, but the Court of Civil Appeals, one of the justices dissenting, reversed the trial court's judgment and ordered the venue changed to Dallas County. On motion for rehearing that court has certified two questions to this court. The certificate, omitting the introduction, is as follows:

"Grady Anderson, plaintiff below, the owner and operator of a retail business, called the 'DeLuxe Drive In,' located adjacent to and abutting State Highway 26, near but outside the city limits of Kilgore, in Gregg County, prosecutes this suit against Austin Road Company, the defendant, a private corporation with its principal office at Dallas, Texas, to recover damages for loss of profits to his business caused by alleged active trespass committed in Gregg County, Texas. The trial court found, being with support in the evidence, that the defendant company while engaged in widening said highway in front of plaintiff's business, dug a sewer ditch and piled the dirt from the ditch toward the outside of said highway and toward the front of plaintiff's business; that the dirt mound from the ditch so placed by defendant company was 5 to 6-½ feet high and 10 to 12 feet thick and was so placed that it closed the plaintiff's means of ingress and egress, leaving an alley in the rear of his building as the only means of ingress and egress; that there was room and the defendant could have placed the mound of dirt closer to the ditch or on the inside of the ditch between the ditch and the pavement and would have thus left a means of egress and ingress to plaintiff's place of business; this condition existed from November 13, 1946, until the sewer was laid and refill made on December 5, 1946, and thereafter until the 23rd day of January, 1947, the date of trial, his frontage remained soggy, wet and impassable; that plaintiff suffered much damage through loss of profits because customers could not get to his place of business and suffered damages through loss of good will that had been established among his customers.

"The trial court concluded the acts above detailed were neg-

ligence and were the direct and proximate cause of plaintiff's loss of profits and good will; that the negligence in so placing the dirt constituted an active trespass in Gregg County upon plaintiff's property by defendant, and for this reason venue lay in Gregg County.

"In addition to plaintiff's allegations under which evidence was introduced in support of above findings of fact, plaintiff plead:

" 'Plaintiff would show that the defendant had been engaged in road construction work and on the 13th day of November, 1946, began work on Highway 26 *under contract with the State Highway Department to widen the pavement on said Highway No. 26 at a point some 150 feet North of plaintiff's business and extending some 400 feet south of plaintiff's business.'* (Italics by Court of Civil Appeals.)

"It is without controversy that said highway at the time and place in question was being widened pursuant to a contract; oral or written, with the State Highway Department. It is plaintiff's testimony that defendant 'had a contract to put in, widen that pavement about 18 feet; they also had a contract to put in a storm sewer immediately adjoining my property and they piled this dirt up in my door where I couldn't even open the door for my customers to come in.'

"The trial court did not find as a fact and could not find as a fact, that defendant doing the work as above disclosed, that is, in piling the dirt on one side of the ditch instead of the other as complained of did so in violation of the specifications called for in its contract with the State Highway Department. The terms of this contract were not introduced in evidence. None of its specifications were alluded to by any evidence. No effort was made to show that the work was or was not done in accordance with the terms and specifications of defendant's contract with the State Highway Department.

"(1)

"After the defendant has timely filed its plea of privilege which contains all the allegations required under Rule 82, T. R. C. P., and when venue issue has been joined with plaintiff's controverting plea did the burden of proof rest upon plaintiff to prove that the above acts of defendant in piling the dirt as stated were done in violation of the terms and specifications of

the contract had with the State Highway Department in order to maintain venue in Gregg County, Texas;

## "(2)

"Or was a prima facie case made when the trespass was shown, thereby shifting the burden of proceeding to the defendant and making it incumbent on defendant to show defensively that its acts were in conformity with the reequirements of its contract?"

In order to maintain venue in Gregg County under exception 9, appellee was required to prove that appellant committed a trespass in that county. Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91. Were appellant not a public contractor, it would hardly be contended that the facts stated in the certificate were not sufficient to establish a trespass by it. The question presented to us by the certificate is, in effect, whether, since the appellant was doing construction work under a contract with the State, it was required of appellee that he establish the negative fact that by the terms of the contract under which the work was being done appellant was not immune from liability for damage resulting from the trespass.

Appellee's alleged cause of action did not arise under and is not based upon the contract between appellant and the State. He seeks no judgment as a beneficiary under the contract on the ground of the breach of any of its terms by appellant. His is an action for breach of a duty imposed upon appellant by law, and that duty is to refrain from committing a trespass against him or his property, either intentionally or negligently. In order to establish his right to recover for a breach of that duty, it is not necessary for him to have resort to the contract at all, because the contract is not the source of the obligation. That being true, it seems clear to us that when appellee proved that the appellant damaged his property by negligent or intentional acts which ordinarily would amount to a trespass, it was not required of him that he go further and prove that the appellant was not authorized or required by his contract with the State to commit the trespass. It is not to be presumed that the State by its contract with the appellant auhorized or required it to commit the trespass, and if it is clothed with immunity from liability therefor, the burden of establishing that fact rested upon it. That is a defensive matter and not an

essential element of appellee's case. Solberg v. Schlosser, 20 N. D. 307, 127 N. W. 91, 30 L. R. A. N. S., 1111, is a case in point.

The first question is answered "No," and the second "Yes."

Opinion delivered March 10, 1948.

Rehearing overruled April 14, 1948.

(Based upon this opinion of the Supreme Court, the Court of Civil Appeals affirmed the judgment of the trial court, 211 S. W. (2d) 765.)