## BARBER v. PORT CITY STATE BANK.

### No. 3187.

Court of Civil Appeals of Texas.

Waco.

June 10, 1954.

Gordon R. Wellborn, and Rex Houston, Henderson, for appellant.

Fulbright, Crooker, Freeman & Bates, and Lamberth S. Carsey, Houston, for appellee.

HALE, Justice.

This appeal grows out of a venue proceeding. Appellee, Port City State Bank, sued appellant and Oliver Chachere in the County Court at Law No. 3 of Harris County, alleging that it was a corporation, duly incorporated under the laws of the State of Texas, with its principal office in Harris County; that appellant was a resident of Gregg County; and that Chachere was a resident of Harris County. Appellant filed his plea of privilege in due form, asserting the right to be sued in Gregg County. Appellee filed its controverting affidavit to the plea of privilege, alleging under oath specific facts showing that its case came within Exceptions Nos. 4 and 5 of Art. 1995, Vernon's Tex.Civ.Stats. Appellant then filed what he denominated as his "First Supplemental Plea of Privilege," consisting of numerous exceptions and a general denial of "each and every allegation in plaintiff's controverting affidavit contained, and its original petition made a part thereof." Attached to this supplemental plea was the sworn statement of appellant's counsel to the effect that he was cognizant of each and every fact and allegation contained in such plea and that the facts and allegations therein contained were true.

The issues thus raised by the pleadings were tried by the court below without a jury and resulted in judgment overruling the plea of privilege. Appellant predicates his appeal upon one point, which is as follows: "The trial court erred in overruling the defendant's plea of privilege for the reason that the plaintiff in the trial court failed to prove that it was a corporation duly incorporated under the laws of the State of Texas, as alleged." We overrule this point for two reasons, viz.: (1) no issue as to whether appellee was or was not a corporation was raised by the pleadings in the manner required by the Texas Rules of Civil Procedure; and (2) such issue, even though it had been raised by the pleadings, constituted no part of the venue facts embraced in Exception 4 or 5 of Art. 1995, Vernon's Tex.Civ.Stats.

Rule 52, T.R.C.P., provides that an allegation of incorporation shall be taken as true unless denied by the affidavit of the adverse party. Rule 86, relating to a sworn plea of privilege, provides that such plea "shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 unless specifically alleged in such plea." Rule 93, Subd. g, requires that a pleading setting up the fact that any party alleged in any pleading to be a corporation is not incorporated as alleged, shall be verified by affidavit. There was no allegation in appellant's plea of privilege or in his supplemental plea that appellee was not a corporation, and there was no specific denial that appellee was a corporation. Indeed, we find no mention whatsoever of the word "incorporated" or "incorporation" in any of the pleadings on behalf of appellant or in the sworn statement of his counsel attached thereto. In our opinion, a general denial of all allegations in appellee's controverting affidavit and in its original petition was not sufficient to raise any issue of fact as to whether appellee was or was not incorporated, notwithstanding counsel for appellant swore that the facts and allegations in the pleadings of appellant were true.

Furthermore, appellee was not required to prove its incorporation in order to show that venue for the trial of its case was properly laid in Harris County because neither the place of residence of appellee nor the nature of its legal entity, that is, whether it was a corporation or a partnership or an individual doing business under the firm name of Port City State Bank, constituted any part of the venue facts set forth in Exception 4 or 5 of Art. 1995, Vernon's Tex.Civ.Stats. Such issue, if it had been properly raised by plea in abatement or otherwise, could have been passed upon only after a determination of the question of venue and not as a material fact element in determining whether appellee's case against appellant did or did not come within either of the exceptions in the venue statute here relied upon.

Accordingly, the judgment appealed from is affirmed.