**TRI-SERVICE DRILLING COMPANY et al., Appellants,**

v.

**John ADAMS et al., Appellees.**

No. 6571.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 13, 1956.

Rehearing Denied March 12, 1956.

Lowell E. Branum, Midland, for appellants.

Ratliff, Conner & Walker, Spur, for appellees.

PITTS, Chief Justice.

This is a venue action which arose out of a suit for damages filed by appellees, John Adams and E. G. Engleman, against appellants, Tri-Service Drilling Company, a corporation, and M. W. Branum, individually, alleging damages by reason of the failure of appellants to comply with the terms of a contract promising to give appellees at least 30 days advance notice prior to the termination of certain 10-year oil and gas leases of date October 1, 1948, which leases were assigned by appellees to appellant, M. W. Branum, on May 3, 1950, who subsequently assigned them to his co-appellant, Tri-Service Drilling Company, on June 25, 1953. Appellants filed separate pleas of privilege seeking to have the case transferred to Midland County, Texas, the county of their residences respectively. Appellees filed their controverting affidavits in due time seeking to hold venue in Dickens County, Texas, by reason of the provisions of Exceptions 5, 14, 23 and 29a, of Article 1995, Vernon's Ann.Civ.St., known as the venue statutes. As a result of the venue hearing before the court without a jury, judgment was rendered overruling appellants' pleas of privilege, from which judgment they perfected an appeal.

Appellants complain about the admission of certain testimony over their objections and contend that the trial court erred in not sustaining their pleas of privilege. Appellees contend that venue as against appellant, Tri-Service Drilling Company, should be held in Dickens County under the provisions of Exception 23 because the said appellant is a corporation and the contract sued on was executed in Dickens County, thus revealing that at least a part of the alleged cause of action relied upon arose in Dickens County, Texas. Appellees further contend that in as much as venue may be held in Dickens County as against appellant, Tri-Service Drilling Company, under the provisions of Exception 23, venue as against appellant, M. W. Branum, should also be held in Dickens County under the provisions of Exception 29a because he is a necessary party to the suit.

The record reveals that the original basic leases of date October 1, 1948, for a primary term of 10 years, vesting title of certain mineral rights in appellees, were executed in Dickens County, Texas, and described the land as being located in Dickens County and provided for the payment of all rentals to lessors at the Spur Security Bank at Spur, Texas, known to be in Dickens County, Texas; that on May 3, 1950, appellees assigned such leases to appellant, M. W. Branum, reserving an overriding royalty and that such assignments were executed in Dickens County, describing the land as being located in Dickens County and provided for the sending by grantee to grantors of a written notice at least 30 days prior to any election by grantee to abandon or terminate the signed leasehold in whole or in part during its primary term or any extension thereof; that on June 25, 1953, such oil and gas leases were assigned by appellant, M. W. Branum, to his co-appellant, Tri-Service Drilling Company, a corporation, of which the said M. W. Branum was president; that thereafter on October 1, 1954, appellants without giving prior written notice to appellees or to either of them, elected to abandon the said leases, failed to pay the rentals due on October 1, 1954, under the terms of such leases, and released of record a part thereof; that appellees were both business men of long experience and long residence at Spur, in Dickens County, Texas, and were partners in the venture here involved and upon all material dates here involved they constituted a partnership with an office located at Spur, Dickens County, Texas, but never received any notice of any kind from appellants concerning their intentions to abandon the said leases, which had a local market value and could have been sold by appellees if the same had been re-assigned to them in accordance with the terms of the

contract of assignment which they had previously executed in favor of appellant, M. W. Branum; that because of appellants' failure to notify appellees of their intentions to abandon the said leases as provided for in the assignments requiring such notice, appellees have suffered damages for which reason they brought the primary action filed.

■ In an effort to establish that they had a cause of action, appellees offered the testimony of the witness, O. L. Kelly, to prove the elements and measure of damages appellees had sustained. Appellants objected to such testimony on the grounds that such testimony had no bearing upon the issue of venue, although it may be pertinent and material testimony upon a trial on the merits of the case. If the testimony had no bearing on the venue issue, as contended by appellants, it did not constitute a reversible error in any event, and appellants' first point of error complaining about such evidence being admitted is overruled.

■ Exception 23 of Article 1995 provides in part: "Suits against a private corporation * * * may be brought * * * in the county in which the cause of action or a part thereof arose." Appellees pleaded that appellant, Tri-Service Drilling Company, was a corporation which allegation was not denied in a verified pleading by appellants, for which reason it has been established for venue purposes that said company is a corporation. Houston Milling Co. v. Carlock, Tex.Civ.App., 183 S.W.2d 1013. The record reveals that the basic leases and the assignments of them upon which the primary suit was filed were all executed in Dickens County, Texas, that the land involved was all situated in Dickens County, and that all rental payments were, under the terms of the leases, payable at a bank in Spur, Texas, which is in Dickens County. In construing that part of Exception 23 previously herein quoted, the court in the case of Stanolind Oil & Gas Co. v. Christian, Tex.Civ.App., 64 S.W.2d 363, 364, held that the material question to be determined in such a case is whether or not the alleged

cause of action or a part thereof arose in the county where the primary suit was filed and that "part thereof" may include plaintiff's primary right of recovery if it arose in the said county, or it may include defendant's breach or act of omission if such occurred in the said county, or "The requirement that 'part thereof' shall have arisen in the county where the suit is brought is met by proof that the contract was made in that county" just as was conclusively established by proof in the case at bar. Such a rule was observed by this court in the case of Waggoner v. Edwards, Tex.Civ.App., 68 S.W.2d 655. This court likewise gave the same effect to the said rule in construing Exception 23 in the case of Continental Fire & Casualty Ins. Corp. v. Whitlock, Tex.Civ.App., 210 S.W.2d 261, and there cited many authorities in support of the rule, but reversed the trial court's judgment there for other reasons.

■ Under the record and the authorities applicable thereto, it is our opinion that in as much as a part of the cause of action arose in Dickens County the trial court properly overruled the plea of privilege filed by appellant, Tri-Service Drilling Company, a corporation. That being true, the trial court likewise properly overruled the plea of privilege of appellant, M. W. Branum, under the provisions of Exception 29a, because the said appellant has been shown to be a necessary party to the primary suit in order to avail appellees the opportunity to seek and obtain, if they can, a joint and several judgment for their alleged damages as against both appellants named in the case. On the question of liability we cite the case of Cauble v. Hanson, Tex.Com.App., 249 S.W. 175, which case has since been many times cited with approval. In the matter of properly construing the provisions of Exception 29a, we cite the cases of Waggoner v. Edwards, Tex.Civ.App., 68 S.W.2d 655; Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284, 287. In the last case cited the court said in part: " * * * every party whose joinder in the suit is necessary to the securing of full relief in 'such

suit' is a necessary party in the sense that term was used in subdivision 29a."

For the reasons stated, appellants' points are overruled and the judgment of the trial court is affirmed.