**GRAYSON ENTERPRISES, INC.,**
Appellant,

v.

**TEXAS KEY BROADCASTERS, INC.,**
Appellee.

No. 3942.

Court of Civil Appeals of Texas.

Eastland.

Feb. 19, 1965.

Rehearing Denied May 21, 1965.

Wagstaff, Alvis, Pope, Doscher & Charlton, Abilene, Douglas E. Bergman, Dallas, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, Abilene, Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellee.

GRISSOM, Chief Justice.

Texas Key Broadcasters, Inc. sued Texas Telecasting, Inc. and Grayson Enterprises, Inc. in Taylor County. Grayson filed a plea of privilege seeking to have the case transferred to Dallas County, where it resides. Grayson's plea of privilege was overruled and it has appealed.

Texas Key Broadcasters, Inc., hereinafter called Broadcasters, contended that it was entitled to maintain the suit in Taylor County by virtue of the provisions of exception 5, Article 1995, that

"If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him * * * in such county * * *."

Broadcasters alleged that in December, 1960, it entered into a contract with Texas Telecasting wherein it leased to Broadcasters a micro-wave transmission system between Fluvanna, which is in Scurry County, and the transmitter site of KPAR, in Nolan County, which transmitter site was subsequently, by oral modification of that contract, changed to Taylor County; that in June, 1960, Telecasting and Broadcasters a micro-wave transmission system which Telecasting leased to Broadcasters a transmitter site in Nolan County and other real and personal property for one hundred twenty months; that Grayson acquired the rights and assumed all obligations of Telecasting. The contract leasing the micro-wave transmission system between Scurry and Nolan Counties is known as exhibit A. The contract leasing the transmitter site in Nolan County and other real and personal property is known as exhibit B. Both were attached to plaintiff's petition.

Broadcasters alleged that in paragraph 1 of exhibit A Telecasting agreed to operate and maintain said micro-wave system and make such repairs as were necessary to assure its continuous operation; that defendants breached said provision and failed to operate and maintain said micro-wave system and make such repairs as were necessary for its continuous operation; that by virtue of paragraph 3 of exhibit A defendants were required to make a diligent effort to repair and restore service on said system; that they breached that agreement; that defendants failed (a) to maintain a routine inspection and checking program of the micro-wave system at reasonable intervals; (b) to assign capable and skilled

employees to checking and maintaining the system; (c) to promptly attend to restoration of service over said system when it was interrupted or impaired and (d) to keep standby engines in proper repair.

Broadcasters further alleged that by reason of the breach of said micro-wave lease contract consideration therefor had failed and Broadcasters was entitled to a rescission, or a termination thereof; that because of the inadequacy of the signal transmitted over said system and interruptions and failures, Broadcasters had been compelled to procure said signal from another source at a higher price and had thereby been damaged. It alleged that in paragraph 13 of exhibit A it was agreed that exhibits A and B were collateral and that any default by Broadcasters of the terms of one should constitute a default of the other. Broadcasters sought judgment cancelling the micro-wave lease or its termination in March, 1964. It also sought damages for breach of said micro-wave lease contract.

The micro-wave transmission system lease provided that Telecasting would lease to KPAR, (Broadcasters), a micro-wave transmission system between Fluvanna, Scurry County, at which point the signal of a Lubbock station would be picked up, and the then transmitter site of KPAR in Nolan County, and that Telecasting would operate and maintain said micro-wave system and make such repairs as were necessary to insure its continuous operation. Paragraph 3 of said lease provided that Telecasting would not be liable to KPAR for interruption of program transmission over said system caused by anything not under its control other than making a diligent effort to repair and restore service. Paragraph 13 provided that said contract was collateral to its lease of the transmitter site, shown by exhibit B, and that to guarantee performance of the transmitter site lease KPAR assigned to Telecasting the net proceeds of national sales. It further provided that any default "by KPAR" (Broadcasters) of the terms of the micro-wave lease would be deemed a default of the transmitter site lease and that any default "by KPAR" of the transmitter site lease would be deemed a default of the terms of the micro-wave system lease.

Exhibit B, the lease by Telecasting to Broadcasters of its transmitter site "in Nolan County" and certain real and personal property stored or installed "in Abilene" shows a lease by Telecasting to Broadcasters of land in Nolan County on which the transmitter was located and certain properties stored or installed in a building in Abilene. It expressly excepted from the transmitter site lease the electronic equipment in the transmitter site building. The transmitter site lease was for one hundred and twenty months. Following approval of the Federal Communications Commission of a transfer of the license from the lessor to the lessee, the consideration to be paid for said transmitter site lease was $799,440.00, payable in one hundred and twenty installments.

In the lease of the transmitter site, exhibit B, Telecasting whose obligations were assumed by Grayson, agreed to pay one-half of the cost of replacement of any major electronic equipment. Broadcasters agreed to furnish lessor space for its micro-wave transmission facilities in said transmitter site building "located in Nolan County." Paragraph (a) of Subdivision 7 of the transmitter site lease provided that, if it became necessary to remove the electronic facilities, then located in Nolan County, the parties would share equally the expense of its relocation. Paragraph (d) of the transmitter site lease, exhibit B is as follows: "The terms and provisions of this lease are to be performed in Nolan and Taylor Counties, Texas."

The contract the breach of which is the basis of Broadcasters' cause of action is the micro-wave system lease, exhibit A. Broadcasters contended that it could maintain the suit in Taylor County by virtue of exception 5, Article 1995. In answer to Broadcasters controverting plea, Grayson answered that the micro-wave system lease

was not performable in Taylor County, but expressly provides for delivery of a micro-wave signal in Nolan County and that said lease was for a period of one hundred and twenty months from December 1, 1960; that said lease had not been modified in writing and that any oral modification could not be enforced because it was in contravention of the Statute of Frauds. Grayson contended the court erred in overruling its plea of privilege because Broadcasters failed to prove a contract in writing performable in Taylor County within exception 5, Article 1995, but, on the contrary, the micro-wave contract is in writing and expressly provides for delivery of a micro-wave signal in Nolan County.

The micro-wave lease expressly provides for a lease to Broadcasters of a micro-wave system between Scurry County and Nolan County. About five months before execution of the micro-wave lease, Telecasting had leased to Broadcasters its transmitter site and equipment. Broadcasters alleged an oral modification of said contract relocating the transmitter site in Taylor County and that defendants had recognized such relocation in writing; that the micro-wave system lease provided that defendants were to operate and maintain that system and make such repairs as were necessary to assure continuous operation to Broadcasters' transmitter and to make a diligent effort to repair and restore service on said system and, therefore, said contract was performable in Taylor County under exception 5. The transmitter site was moved to Taylor County in January, 1962. There is no instrument in writing modifying the micro-wave system lease, exhibit A. Exhibit B, the transmitter site lease, was modified by an oral agreement that the transmitter site should be moved from Nolan to Taylor County. To sustain venue in Taylor County under exception 5 Broadcasters was required to allege and prove a written contract by defendants to perform the obligation which is the basis of this suit in Taylor County, expressly naming Taylor County or a definite place therein by such writing. Broadcasters' suit is based upon a breach of the micro-wave system lease contract, exhibit A, which does not provide for its performance in Taylor County. It expressly provides for delivery of a signal to Nolan County. Broadcasters seem to contend that the micro-wave system lease was orally modified. If we assume an oral modification of that contract, such oral modification cannot support venue in Taylor County under subdivision 5. The written contract alone must be considered in determining the right to maintain the suit in Taylor County under that exception. Exception 5 requires that the written contract expressly name the particular county, or place therein, in which the defendant has contracted to perform the obligation sued upon. In the language of exception 5, appellee's suit was upon or by reason of the obligation of the lessor, and its assumptor, stated in exhibit A. The written contract alone can be looked to. Broadcasters cannot sustain venue under exception 5 by implication. It alleged that since appellant recognized in writing modification of the transmitter site lease and removal of that site to Taylor County that performance in Taylor County was provided for. So far as the question under discussion is concerned the transmitter site lease, exhibit B, and its modification cannot support a conclusion that the defendants contracted in writing to perform the duties alleged to be breached in Taylor County because the only contract and breaches alleged refer to the micro-wave system contract, exhibit A, whereby defendants agreed in writing to deliver a signal from Scurry to Nolan County and to mantain and repair that system. The place for performance of the obligations alleged to have been breached was expressly stated in the micro-wave system lease to be Nolan County. That contract did not name Taylor County as the place where defendants were to perform those obligations. We hold that Broadcasters have not established the right to maintain this suit in Taylor County under

exception 5, Article 1995. Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610; Johnston v. Personius, Tex.Civ.App., 242 S.W.2d 471; Sidebottom v. Juliff, 259 S.W. 235; Blanco v. Rowell, 347 S.W.2d 641; Harvey v. Bain, (Sup.Ct.), 168 S.W.2d 234, 237; Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120, 123; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, 678.

■■ Appellee specifically pleaded that portion of exception 23, Article 1995, that permits a suit against a private corporation to be brought in the county in which the cause of action or a part thereof arose. It alleged facts showing applicability of exception 9a, which permits a suit based upon negligence to be brought in the county where the defendant's negligence which was a proximate cause of plaintiff's injury occurred. We hold that appellee alleged and proved the venue facts required to maintain its suit in Taylor County under exceptions 23 and 9a. Under those exceptions evidence was material that the transmitter site had been changed to Taylor County to show that a part of the cause of action arose and negligent acts occurred in Taylor County. Those exceptions do not require proof of the written agreement necessitated by the provisions of exception 5. Drexler v. Architectural & Commercial Sales, Tex.Civ. App., 375 S.W.2d 550, 553; Leonard v. Abbott, (Sup.Ct.), 366 S.W.2d 925, 927.

■ To sustain venue under exception 23 appellee was required to allege and prove by a preponderance of the evidence that (1) appellant was a private corporation; (2) that it had a cause of action against appellant and (3) that said cause of action, or a part thereof, arose in Taylor County. The venue facts under exception 9a are specifically set out in the statute. Broadcasters alleged and introduced evidence of said venue facts sufficient to sustain the implied findings necessary to support the judgment. See Transit Grain & Commission Co. v. Snapp, (Sup.Ct.), 148 S.W.2d 233; Stone Fort National Bank of Nacog-

doches v. Forbess, 126 Tex. 568, 91 S.W.2d 674, 676; Mercantile Bank & Trust Co. v. Schuhart, 115 Tex. 114, 277 S.W. 621.

■ Appellee was entitled to maintain the suit in Taylor County under exceptions 9a and 23, unless that right was defeated by that section of the Statute of Frauds, Article 3995, which provides that no action shall be brought upon an agreement which is not to be performed within one year unless it is in writing and signed by the party sought to be charged. Ordinarily, defenses going to the merits of a case are immaterial in deciding the venue facts. But, under some exceptions some of the essential issues to recovery on the merits and to establish venue are identical. Appellant cites cases which assume or tend to support its contention that when a suit cannot be brought on a contract because it violates the Statute of Frauds such an independent affirmative defense may be asserted against a venue exception which requires proof of the existence of a cause of action as a venue fact, as exception 23 does. Victoria Bank & Trust Company v. Monteith, 138 Tex. 216, 158 S.W.2d 63, 67; Faver v. Leonard, Tex.Civ.App., 383 S.W. 2d 201. We do not think such a defense can be considered in determining the venue issues presented here under exceptions 9a and 23. We think the Statute of Frauds, asserted by appellant as a defense to said venue issues, presents a defense material only in a determination of the merits. Austin Road Company v. Anderson, 146 Tex. 553, 209 S.W.2d 595, 597; Page v. Paterson, Tex.Civ.App., 180 S.W.2d 660, 662; Texas Plains Lodge No. 105 etc. v. Cleghorn, Tex.Civ.App., 207 S.W.2d 109, 113; Davis v. Texas Life Insurance Co., Tex. Civ.App., 22 S.W.2d 960, 961; Dallas Joint Stock Land Bank v. Harrison, 131 S.W.2d 742, 744; 60 Tex.Jur.2d 82; Clark's Venue in Civil Actions 247. But, assuming for present purposes that such a defense may be asserted to defeat the right to maintain venue in Taylor County where existence of a cause of action is an essential venue fact by showing that because of that statute ap-

pellee cannot bring such a suit, if appellant's defense under Article 3995 is applicable to the facts of this case and has not been waived, appellee cannot prove the existence of a cause of action and, therefore, cannot maintain its suit in Taylor County under exception 23.

 The question then is, is such defense applicable to the facts of this case? In Garcia v. Karam, 154 Tex. 240, 276 S.W. 2d 255, 257, the question was whether proof of an oral modification of a certain written contract was prohibited by the Statute of Frauds. In determining that question the Supreme Court said:

"To answer the question thus presented, we should look to· the written contract before modification and to the character of the modification itself. If neither the portion of the written contract affected by the subsequent modification nor the matter encompassed by the modification itself is required by the Statute of Frauds to be in writing, then the oral modification will not render the contract unenforceable."

If the contract sued upon had provided for delivery of the signal to appellee's transmitter site, without incidentally stating its location, as it did, it would have complied with the statute and oral proof of location of the site would have been admissible to show where a part of the cause of action arose or the negligence act occurred. The incidental statement in the contract sued upon that the transmitter site was in Nolan County was not required by the Statute to be in writing. We think, therefore, that the Statute is not applicable here. 26 Tex.Jur. 2d 155. However, regardless of that conclusion, in any event appellant cannot use the Statute as a defense because the oral agreement has been fully executed by the parties, appellee has spent its money on said relocation and appellant had accepted its benefits. Newsom v. Newsom, (Sup.Ct.), 378 S.W.2d 842, 844. See also 26 Tex.Jur. 2d 264, 270. Johnson v. Neeley, Tex.Civ.

App., 36 S.W.2d 799, 802, [Writ Dis.); McCreless Shopping Village v. Burton, Tex.Civ.App., 352 S.W.2d 802, 803, (Ref. N.R.E.); Pou v. Dominion Oil Company, Tex.Com.App., 265 S.W. 886; Anderson v. Eliot, Tex.Civ.App., 333 S.W.2d 654, 655, (Writ Ref.); Showalter v. MacDonell, 83 Tex. 158, 18 S.W. 491; Gulf Production Company v. Continental Oil Company, 139 Tex. 183, 164 S.W.2d 488, 491.

We hold that appellee has established the venue facts necessary to maintain the suit in Taylor County under exceptions 23 and 9a only. All points not specifically passed on are overruled. The judgment is affirmed.