LONDON PROPERTIES, INC., Appellant,

v.

HOWARD–ASSOCIATED–PAGE SERVICES, INC., Appellee.

No. 15020.

Court of Civil Appeals of Texas, San Antonio.

Dec. 8, 1971.

---

Tobolowsky, Schlinger & Blalock, Neal E. Young, Dallas, for appellant.

Edward F. Yarborough, San Antonio, for appellee.

CADENA, Justice.

This is an appeal by defendant, London Properties, Inc., from an order of a district court of Bexar County overruling defendant's plea of privilege to be sued in Jefferson County, the site of its principal and only office.

Plaintiff, Howard-Associated-Page Services, Inc., filed this suit, in the form of a sworn account to recover from defendant the sum of $3,158.59, plus interest and attorney's fees, for labor done and materials furnished by plaintiff in the repair and maintenance of aircraft alleged to be owned by defendant. The petition alleged that defendant is a corporation.

Defendant's plea of privilege alleged that it was not a resident of Bexar County, that its residence for venue purposes was Jefferson County, and that no exception existed to the basic rule requiring that a defendant be sued in its domiciliary county. The plea contained no specific denials of any allegation contained in plaintiff's petition.

Plaintiff's controverting affidavit asserted that venue properly lay in Bexar County under Subdivisions 5 and 23 of our venue, Article 1995, Tex.Rev.Civ.Stat.Ann. We here concern ourselves only with the applicability of Subdivision 23, which, insofar as relevant to this case, provides that a corporation may be sued in any county where plaintiff's cause of action, or any part thereof, arose.

In order to maintain venue in Bexar County under Subdivision 23, it was incumbent upon plaintiff to show by a preponderance of the evidence (1) that the defendant is a corporation, (2) the elements of a cause of action against defendant, and (3) that the cause of action, or a part thereof, arose in Bexar County. 1 McDonald, Texas Civil Practice, Sec. 4.30.2, pp. 518–19 (1965 rev.).

1. *Defendant's corporate status.* As already noted, plaintiff alleged that defendant is a corporation. Since this allegation was not specifically denied in the plea of privilege, it must be accepted as true. Rules 86 and 93, Texas Rules of Civil Procedure; Tri-Service Drilling Co. v. Adams, 287 S.W.2d 711 (Tex.Civ.App.—Amarillo 1956, no writ); Barber v. Port City State Bank, 269 S.W.2d 690 (Tex. Civ.App.—Waco 1954, no writ).

2. *Plaintiff's cause of action.* Plaintiff's petition and attached exhibits, as well as its controverting affidavit, asserted that the work on the aircraft was done pursuant to written order executed by one Dewey Cosgrove who was duly authorized to contract for such work on behalf of defendant. Once again, because of defendant's failure in its plea of privilege to specifically deny, under oath, the authority of Cosgrove to make the contract on behalf of defendant, plaintiff was relieved of the burden to offer proof of Cosgrove's authority. Rules 86 and 93; Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845 (1931).

Plaintiff's verified itemized account, in the absence of a verified denial of its justness in the plea of privilege, was

sufficient to establish plaintiff's cause of action. Rule 185, T.R.C.P.; Covington-Compton Co., Inc. v. Medina Agriculture Products, Inc., 425 S.W.2d 694 (Tex.Civ. App.—San Antonio 1968, no writ).

█ 3. *Occurrence of transaction in Bexar County.* The undisputed evidence shows that the contract was made in Bexar County, and that plaintiff's performance took place in such county, where the aircraft were delivered to plaintiff's shops for repair and maintenance. This sufficiently shows that part of the transaction creating plaintiff's right occurred in Bexar County.

The judgment of the trial court is affirmed.