**BEEF CATTLE COMPANY, Appellant,**

v.

**Edward R. SCOTT, Jr., Appellee.**

**No. 9246.**

Court of Civil Appeals of Texas, Amarillo.

Jan. 29, 1981.

Rehearing Denied March 31, 1981.

Culton, Morgan, Britain & White, W. H. Brian, Jr., Amarillo, for appellant.

Whittenburg, Whittenburg & Schachter, George Whittenburg and David Mullin, Amarillo, for appellee.

COUNTISS, Justice.

By this appeal from an order overruling its plea of privilege, appellant Beef Cattle Company challenges the existence and sufficiency of the evidence to support implied findings on certain of the elements of proof required under the venue exception relied on by appellee Edward R. Scott, Jr. (hereafter "Scott"). Concluding that the evidence is sufficient, we affirm.

Scott is a practicing attorney who represented Beef Cattle Company, a Texas corporation, for several years and served as an officer and director of the corporation. Scott initiated this suit in Potter County, Texas, contending, *inter alia*, that Beef Cattle Company breached a contract to sell him 1500 shares, or alternatively 750 shares, of the corporation's treasury stock at $100 a share. Various alternative forms of relief were requested. Beef Cattle Company filed a plea of privilege to be sued in Wheeler County, Texas, its county of residence and principal place of business. Scott controverted the plea, alleging an exception to venue in the county of residence under subdivision 23 of article 1995, Tex.Rev.Civ.Stat. Ann. (Vernon 1964).[1]

After a nonjury trial at which substantial testimonial and documentary evidence was introduced, the trial court overruled Beef Cattle Company's plea of privilege and retained venue in Potter County. In this court Beef Cattle Company presents eight points of error, stating that there is either no evidence or insufficient evidence to establish (1) Scott's cause of action for breach of contract; (2) Beef Cattle Company's ratification of, or estoppel to deny, purchase or ownership of 1500 shares of its stock by Scott; (3) an agency or representative of Beef Cattle Company in Potter County; and (4) absence of an agency of Beef Cattle Company in Randall County. We will consider the points in the order stated.

When reviewing legal and factual sufficiency points, we are guided by well established principles. A "no evidence" point presents a question of law requiring the appellate court to consider only the evidence and inferences tending to support the finding under attack and disregard all

---

1. References hereafter to subdivisions 23 or 27 or article 1995 refer to Tex.Rev.Civ.Stat.Ann. art. 1995 §§ 23, 27 (Vernon 1964).

evidence and inferences to the contrary. An "insufficiency" point invokes a broader standard, requiring this court to consider all of the evidence and ascertain whether the evidence supporting the finding is so weak, or the evidence to the contrary so overwhelming, that the finding should be set aside and a new trial ordered. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

■ The trial court was not required to, and did not, file findings of fact and conclusions of law in this plea of privilege case. Tex.R.Civ.P. 385(e) (1976).[2] When the trial court does not file findings and conclusions the judgment may be affirmed if there is sufficient evidence to support it upon any lawful theory alleged by the prevailing party. "Every issue sufficiently raised by the evidence must be resolved in support of the judgment." *Levinson v. Slater*, 565 S.W.2d 337, 339 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). Thus, we must determine whether there is any, or sufficient, evidence to support the judgment on any theory raised by the pleadings.

The portions of subdivision 23 pertinent to this case state that, in suits against a private corporation:

> if the corporation, ... had no agency or representative in the county in which the plaintiff resided at the time the cause of action or part thereof arose, then suit may be brought in the county nearest that in which plaintiff resided at said time in which the corporation, association or joint stock company then had an agency or representative....

■ Under the quoted portion of subdivision 23, the plaintiff's elements of proof, which must be established by a preponderance of the evidence, *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97 (1953), are (1) plaintiff has a cause of action against the corporate defendant and, when the cause of action or part thereof arose, (2) plaintiff re-

sided in a named county; (3) the corporate defendant did not have an agency or representative in the county where plaintiff resided; (4) the corporate defendant did have an agency or representative in the county of suit; and (5) the corporate defendant did not have an agency or representative in any county nearer to the county where plaintiff resided.[3] 1 R. McDonald, Texas Civil Practice, § 4.30.3 (1965). Beef Cattle Company's points of error challenge the evidentiary support for elements (1), (3) and (4).

■ We will first review the evidence pertinent to Scott's cause of action, gleaned primarily from Scott's testimony and various documents he introduced. Scott testified that he met initially with several members of the board of directors of Beef Cattle Company in the spring of 1970. Shortly thereafter he began to perform legal work for the company. In 1973 he was elected to the board and in 1976 he became Assistant Secretary and Assistant Treasurer of the company. In mid-1976 Joe Weatherly, general manager of the company, discussed with Scott the possibility of becoming a stockholder. At a subsequent meeting of the board of directors in the latter part of 1976, the board authorized the sale of a total of 2000 shares of treasury stock to Scott and three others for $100 per share, to be paid for with a five year note bearing interest at seven percent. Scott subsequently executed a promissory note payable to the company for $150,000, due November 9, 1981, secured by 1500 shares of company stock. A stock certificate was then issued to Scott evidencing his ownership of 1500 shares. Scott testified that he subsequently divided the 1500 shares with one of the other individuals to whom the board had authorized the stock sale. New notes, due November 9, 1981, and new security agreements were executed. Scott wrote "cancelled" across the 1500 share certificate.

---

2. For findings and conclusions in plea of privilege hearings after January 1, 1981, see Rule 385(b), Tex.R.Civ.P.

3. If put in issue, plaintiff must also prove the defendant is a private corporation. 1 R. McDonald, Texas Civil Practice, § 4.30.1 (1965).

An allegation to that effect by plaintiff is accepted as true unless properly challenged in the plea of privilege. *Tri-Service Drilling Co. v. Adams*, 287 S.W.2d 711 (Tex.Civ.App.—Amarillo 1956, no writ).

**322**

Two new certificates for 750 shares each were prepared by Scott but never signed by company officials. There was other documentary evidence introduced by Scott supportive of his testimony, including an audit confirmation letter signed by the company president showing Scott as owner of 1500 shares, a subsequent letter signed by the company president and Scott showing Scott as the owner of 750 shares, and an election by the company to be taxed as a small business corporation, signed by the stockholders and listing Scott as the owner of 1500 shares acquired on November 9, 1976.

Testimony from other witnesses called by Scott generally confirmed the board's decision to sell stock to Scott and others. However, their testimony and Scott's conflicted on various other matters, including the number of shares Scott was to be permitted to purchase. There was also conflicting testimony on whether Scott was to pay for the stock with a note or by performing legal services for the company.

At a stockholders' meeting on February 17, 1979, when Scott was still on the board of directors, the chairman presented a list of stockholders that did not include Scott.[4] Scott then left the meeting and this litigation ensued.

The foregoing evidence is sufficient to establish a cause of action for breach of contract under the review standards and burden of proof enunciated above. Beef Cattle Company's primary argument is that the evidence does not establish a meeting of the minds on the number of shares Scott was authorized to purchase or the terms and conditions of the sale. We agree that the evidence presented by Scott and his witnesses in that regard is contradictory and to some extent confusing. Such problems, however, are to be resolved by the trial judge. *Pickens v. Baker*, 588 S.W.2d 406, 409 (Tex.Civ.App.—Amarillo 1979, no writ). Because there is evidence that would permit him to do so, we must presume the trial court resolved the conflicts in a manner that is in accordance with the theories alleged by Scott. We hold, therefore, that there is evidence and it is sufficient to support implied findings by the trial court that will justify a conclusion that Scott proved a cause of action for breach of contract. Our ruling renders immaterial Beef Cattle Company's points concerning ratification and estoppel. Points of error one through four are overruled.

■■■ Beef Cattle Company's remaining points of error relate to the agency or representative requirements of subdivision 23. Scott alleged he was the agency or representative of Beef Cattle Company in Potter County for venue purposes.[5] The term "agency" in subdivision 23 refers to "a situation in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit." *Milligan v. Southern Express*, 151 Tex. 315, 250 S.W.2d 194, 198 (1952). The term "representative" in subdivision 23 refers to a situation "in which a party possessing broad powers from the defendant resides in the county" of suit. *Milligan v. Southern Express*, 250 S.W.2d at 198.

■ The county in which the corporation "had an agency or representative" as contemplated by subdivision 23 is the county where the corporate agent or representative actually performs corporate duties rather than the county where the individual who is the agent or representative personally resides, *i. e.*, where the agent or representative works, not where he or she sleeps. *See*

---

4. The evidence is not entirely clear on the reason for Scott's omission from the list of stockholders. Pleadings, and arguments in the briefs, indicate it was based on the theory that the stock sale to him was illegal because it was in violation of Tex.Bus.Corp. Act, art. 2.16 (Vernon 1980) and Tex.Const. art. XII, § 6. We do not pass on that question, however. Illegality is an affirmative defense, Tex.R.Civ.P. 94, and thus is not determined in a plea of privilege hearing. *See Austin Road Co. v. Anderson*, 146 Tex. 553, 209 S.W.2d 595 (1948); *Fields v. Payne*, 342 S.W.2d 363 (Tex.Civ.App.—Austin 1961, no writ).

5. It is permissible for the plaintiff to also be the agent or representative contemplated by subdivision 23. *Continental Transfer and Storage Company v. Gee*, 285 S.W.2d 892, 893 (Tex.Civ. App.—Eastland 1955, no writ).

*Mobil Oil Corporation v. Cook*, 494 S.W.2d 926, 933 (Tex.Civ.App.—Amarillo 1973, no writ); *Rouse v. Shell Oil Co.*, 577 S.W.2d 787, 790 (Tex.Civ.App.—Corpus Christi 1979, writ dism'd). The *Mobil Oil* case and *Rouse* case were subdivision 27 cases, but the same construction is applicable to subdivision 23 cases. *Colorado Interstate Gas Co. v. Mapco, Inc.*, 570 S.W.2d 164, 170 (Tex.Civ.App.—Amarillo 1978, no writ). The location of the agency or representative for venue purposes is to be determined by the same test under either subdivision.

■ The evidence that Scott was Beef Cattle Company's representative in Potter County is, in summary, as follows. Scott testified that his office was in Potter County, Texas. From that office, he not only performed legal services for the corporation but also handled various business matters for it.[6] He was empowered to and did deal with various financial institutions negotiating lines of credit and other matters and executing payment guarantees. He was also authorized to trade commodities for the corporation and he negotiated a feeding arrangement with a substantial customer of the corporation.

From the foregoing evidence, it is obvious that Scott was more than "an employee who merely handles menial or mechanical ... tasks for the corporation...." *Mobil Oil Corporation v. Cook*, 494 S.W.2d at 933. He had discretionary authority to act for the company in several areas and did so from his Amarillo office. We hold, therefore, that there is evidence and it is sufficient to support the implied findings by the trial court that will justify the conclusion that Scott was a corporate representative in Potter County. Points of error five and six are overruled.

The final inquiry is whether there is evidentiary support for implied findings that will support a conclusion that the corporation did not have an agency in Randall County, the county of Scott's personal residence. In that regard, Scott testified that

his home was in Randall County. He was then asked, "Did Beef Cattle have an officer or representative in Randall County where any of its business was transacted?" He responded, "No."

The question is imprecise and called for a conclusion, but Beef Cattle Company did not object. The trial court could have interpreted it as a dual inquiry, *i. e.*, did Beef Cattle Company have an officer or representative in Randall County and was any of its business transacted in Randall County? The negative response is evidence that the corporation did not have a representative in Randall County. It is also some evidence that "the business of the corporation" was not transacted in Randall County. When considered with Scott's testimony that he performed corporate duties and maintained his office in Potter County, the evidence is sufficient to negate the presence of an agency, as defined above, in Randall County. We hold, therefore, that there is evidence and it is sufficient to support implied findings by the trial court that will justify the conclusion that Beef Cattle Company did not have an agency in Randall County. Points of error seven and eight are overruled.

We realize that the practical effect of our decision is to permit Scott to occupy superficially conflicting positions. The conflict is not real, however. Subdivision 23 speaks of residence when referring to the plaintiff, but speaks of the county where the corporation "had an agency or representative" when referring to the defendant. Thus, the plaintiff who is also the defendant's representative may, as in this case, personally reside in one county and function as the corporate representative in a different county and satisfy both of those elements of subdivision 23. When the *Milligan* case, supra, used the term "reside" in defining a representative, it was necessarily referring to the county where the corporate business was transacted, in view of the wording of the statutory subdivision. This harmonizes

---

6. This opinion should not be construed as holding that the performance of legal services is sufficient, standing alone, to create the agency or representative relationship contemplated by subdivision 23. Scott does not advance that contention and we express no opinion on it.

with the rule that the meaning of "reside" must be determined by considering the object and purpose of the statute in which the word is employed. *De Leon v. Harlingen School Consol. Independent Sch.,* 552 S.W.2d 922, 925 (Tex.Civ.App.—Corpus Christi 1977, no writ), and authorities there cited.

The judgment of the trial court is affirmed.