Joseph Ward JOHNSON et ux.,
Petitioners,

v.

Mary L. SNELL, Respondent.

No. B–3863.

Supreme Court of Texas.

Nov. 14, 1973.

As Amended Jan. 2, 1974.

Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, Asa V. Bland, McAllen, for petitioners.

Adams, Graham, Lewis, Jenkins, Jones & Graham, J. Perry Jones, McAllen, for respondent.

DENTON, Justice.

Petitioners, Joseph Ward Johnson and wife, brought this suit to compel specific

performance of a written contract entered into between them and Mary L. Snell, respondent, to convey to them certain real estate situated in Hidalgo County; and for damages for the withholding of possession of the property. The trial court granted an instructed verdict denying petitioners the relief of specific performance. The court of civil appeals affirmed. 489 S.W. 2d 422. We reverse and remand.

The contract, upon which the suit is founded, provided in part as follows:

". . . Seller has agreed to sell and Purchasers have agreed to purchase for the consideration of $15,000.00 cash and the execution by the Grantees of a promissory vendor's lien note payable monthly in installments of $250.00 per month, beginning on the first day of the month after the date of closing and a payment on the first day of each month thereafter, continuing for 15 years, said note to bear interest at the rate of 6% per annum, included in said monthly payment, said note being payable on or before its maturity date.

"Purchasers have deposited with Seller the sum of $1,000.00 to guarantee faithful performance of this contract and the transaction shall be closed on or before October 1, 1971, and the remaining sum of the cash payment, being a balance of $14,000.00, shall be paid on that date.

". . . and if Seller complies with her agreement and furnishes said title commitment and Purchasers fail or refuse to perform their contract by paying the balance of the down payment and executing the note and deed of trust as herein provided, then the escrow shall be forfeited to the Seller as liquidated damages.

\* \* \* \* \* \*

"On closing, Seller will furnish to Purchasers a good and sufficient Warranty Deed covering said property and reserving a vendor's lien to pay the payments of $250.00 per month over a term of 15 years, including interest, and shall deliver possession of said property to Purchasers. Taxes and insurance for the year 1971 shall be prorated as of the date of closing."

At the close of the plaintiffs' testimony, the trial court entered an instructed verdict for the defendant on two grounds, to wit: the terms of the written contract were not sufficiently certain and definite so as to warrant specific performance; and there was no meeting of the minds of the parties to the contract.

■ The controlling question here is whether the terms of the contract, all of which are contained in the written agreement, are sufficiently certain and definite. Specific performance will be decreed only if the essential terms of the contract are expressed with reasonable certainty. Bryant v. Clark, 163 Tex. 596, 358 S.W.2d 614 (1962); Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454 (1943); Restatement, Contracts, § 370 (1932). Respondent's contention relative to the vagueness and indefiniteness of the contract are: that the contract does not recite a purchase price; nor does it provide for the amount of the vendor lien note, nor its place of payment; nor does it provide for any of the terms which would be included in a deed of trust.

The real dispute here arises over the interpretation by the respondent of the provision relative to the interest. She testified:

"Sir, nothing interests me in this contract except that they don't want to pay interest, which would amount to about $15,000."

She testified that she understood the parties agreed to a purchase price of $60,000; $15,000 in cash and 6% interest on the balance of $45,000. There is no contention that the contract is not complete.

■ We are of the opinion that the contract here in question is not too indefinite or uncertain to be specifically performed.

The only missing element of the contract is that it does not set out a total sale price for the property in question. This amount can be made certain by the use of amortization tables. The deferred payments were to be made for a specific term of 15 years in the amount of $250 payable monthly, beginning on the first day of the month following the closing. The monthly payment provision specifically provided that interest was to be included in the monthly payment of $250. The monthly payments payable over a period of 15 years would amount to $45,000.00. The down payment of $15,000 in cash would bring the total consideration for the sale to $60,000. Under the clear terms of the contract these monthly payments included 6% interest.

■■■ Respondent further contends the absent provisions of the deed of trust in the written contract and vendor's lien note are material, and make the contract unenforceable. The deed of trust is in legal effect a mortgage with power to sell on default, and it was provided for in the instant contract as additional security for respondent. The failure of the contract to provide the fundamental provisions of a deed of trust does not render the contract to sell property in itself incomplete and unenforceable. The contract further provided for the term of the vendor's lien note in such terms we believe to be sufficient for enforcement.

■■■ The contention is further made, and the court of civil appeals so held, that the contract was unenforceable because there was no meeting of the minds of the parties to the contract. Although respondent testified that she understood the contract to mean that she was to receive 6% interest on the balance due of $45,000.00, there is absolutely no evidence in the present record that the petitioner shared such view. A mistake by only one party to an agreement, not known to or induced by acts of the other party will not constitute grounds for relief. Morris v. Millers Mutual Fire Insurance Co. of Texas, 343 S.

W.2d 269, (Tex.Civ.App.1961); Wheeler v. Holloway, 276 S.W. 653 (Tex.Comm'n App.1925). There are no pleadings or evidence of fraud which might vitiate the contract. The respondent's claim of mutual mistake cannot be sustained. The record does not support respondent's claim that the contract was the result of mutual mistake.

The trial court erred in instructing a verdict for the respondent, defendant below. The judgments of the trial court and court of civil appeals are reversed, and the cause is remanded to the trial court for a new trial.

WALKER, Justice (concurring).

In my opinion the trial court erred in instructing a verdict for respondent, and I concur in the opinion and judgment of the Court. As pointed out in the Court's opinion, the evidence does not establish mutual mistake as a matter of law. Respondent testified that she understood the contract to mean that she was to receive 180 monthly installments of $250.00 each on the principal of the note and, in addition thereto, interest at the rate of six per cent per annum. It does not appear that petitioners were laboring under the same misapprehension, but a reading of the statement of facts suggests to me that they may have been aware of respondent's mistake. As pointed out in Warren v. Osborne, Tex. Civ.App., 154 S.W.2d 944 (wr. ref. w.m.), knowledge of one party of the other's mistake regarding the expression of the contract is equivalent to mutual mistake. See also Automobile Ins. Co. v. United Elec. Serv. Co., Tex.Civ.App., 275 S.W.2d 833 (wr. ref. n.r.e.); 3 Pomeroy, Equity Jurisprudence, 5th ed. 1941, § 870a; 13 Williston on Contracts, 3rd ed. 1970, §§ 1548, 1557; Restatement, Contracts, §§ 71, 505. If respondent establishes on a retrial of the case, by findings supported by the evidence, that she was mistaken as she claims and that petitioners knew of her mistake when the contract was signed, it seems to

**400**

me that equity should require a rescission of the contract unless petitioners wish to acquiesce in a reformation to carry out the agreement as intended and understood by respondent.