Frank GORME, Trustee, et al., Appellants,

v.

Sylvia AXELRAD, a feme sole, a/k/a Sylvia Axelrad Woolf and Mrs. Martin P. Woolf, Appellee.

No. 1094.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 22, 1975.

**140**

Edmund L. Cogburn, John M. Helms; Dow, Cogburn & Friedman, Houston, for appellants.

Milton Schwartz, Houston, for appellee.

CURTISS BROWN, Justice.

This is a suit for specific performance of a contract to purchase real property.

Frank Gorme (Gorme or appellant) and J. & J. Investment Company, Trustee, (J. & J. or appellant) instituted this suit against Sylvia Axelrad (Axelrad or appellee). Axelrad moved for summary judgment. The summary judgment record consists of the pleadings, an affidavit by Gorme, written interrogatories, copies of the earnest money contract sued upon, and the proposed promissory note to be executed at closing. The trial court granted the defendant Axelrad's motion and appellants have duly perfected this appeal.

The facts are essentially undisputed. According to Gorme's affidavit, appellee approached him about purchasing the property. General terms of the transaction were discussed. The purchase price was to be $40,000 with $7,500 thereof to be paid in cash at closing. The general terms of the promissory note to be executed for the balance was discussed. Appellee Axelrad was to prepare the earnest money contract of purchase. She in fact did so. At the time of these discussions, Axelrad was informed that Gorme represented others that would be included as ultimate purchasers. At all times he acted as Franke Gorme, Trustee.

As agreed Axelrad prepared and tendered the earnest money contract which she now attacks. It was duly executed by Gorme as Trustee and he gave her a check for $1,000 earnest money which was deposited along with the contract at the title company. Before the closing date, J. & J. was noted on the earnest money contract as an additional buyer. Gorme and J. & J. appeared at the date set for closing but Axelrad did not. This suit followed.

It is well established that a summary judgment is appropriate only when the movant shows as a matter of law that no material questions of fact exist. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup.1971). Appellee contends that summary judgment is justified here because: (1) the earnest money contract she prepared, or had prepared, was too uncertain to permit specific performance. Bendalin v. Delgado, 406 S.W. 2d 897 (Tex.Sup.1966). (2) Her agreement or understanding that others were permitted to be added as buyers rendered the contract unenforceable under the Statute of Frauds (Vernon's Tex.Rev.Civ. Stat.Ann. art. 3995 [1960]).

Appellee is, of course, correct that specific performance will not be decreed unless the terms of the contract are so express that the court can determine with reasonable certainty the obligations of each

party and the conditions under which performance is due. Bendalin v. Delgado, *supra.* The provisions of the contract here with regard to price are as follows:

> The consideration is $40,000.00, payable as follows: $7,500.00 paid by Purchaser contemporaneously with the conveyance of said property by Seller to Purchaser; and the further consideration of

>> Balance of purchase price paid as follows: Interest at 7½ Per Cent on Balance of purchase price to be paid quarterly for the first Three years, thereafter principal and Interest to be paid quarterly at 7½ Per Interest amortized over a 7 year period.

>> Purchaser shall have 30 days to close this transaction.

>> Survey to be furnished as to the above description at purchasers expense.

>> It is also agreed this lien may be liquidated in whole or part within five years upon a premium of payment of 5% on unpaid balance.

>> Said note or notes (if any) to contain usual default and attorney's fee clauses and to be secured by vendor's lien, superior title and usual. Deed of Trust lien on said property.

■■ This contract is not so imprecise as to be incapable of specific enforcement as a matter of law. The parties have provided sufficient details as to the total price, interest rate, how it is to be calculated, and when payments are to begin being applied to the principal. The agreement expressly contemplates amortization of the quarterly payments over a seven year period. Johnson v. Snell, 504 S.W.2d 397 (Tex.Sup.1973); American Nat. Ins. Co. v. Schenck, 85 S.W.2d 833 (Tex.Civ.App.—Amarillo 1935, no writ). Security for the balance due is provided by the vendor's lien and usual deed of trust lien. It is reasonable to conclude that the quarterly payments were to begin as of the date of closing. The usual aids to interpretation of this contract are available to the court and we may use the assistance of common usage and reasonable implications of fact. Bendalin v. Delgado, *supra*, 406 S.W.2d at 900; Restatement of Contracts § 370, comment c (1932).

■ Appellee's reliance upon the Statute of Frauds (Tex.Rev.Civ.Stat.Ann. art. 3995 [1960]) is equally unfounded. Gorme signed as Trustee which, on the face of the writing, indicated the interest of others in the contract. In addition, he told Axelrad that others would be added as purchasers. Appellee's rights are not diminished but enhanced by the liability of others (in addition to Gorme) for the balance due. The fact that J. & J. was made known as an undisclosed principal by the trustee after execution of the contract does not constitute an oral promise to convey by Axelrad. The fact that the answers to interrogatories disclosed that J. & J. was an undisclosed principal does not invalidate either the assignment or the contract in question. Appellee has not established as a matter of law that appellants' claim is unmeritorious or untenable. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952); Tunks, Texas Summary Judgment Practice, 13 So.Tex.L.J. 1. The court erred in granting the summary judgment.

Reversed and remanded.