**Joseph C. W. SMITH, Appellant,**

v.

**Alton HUES et ux., Appellee.**

**No. 1311.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 21, 1976.

Rehearing Denied Sept. 8, 1976.

Frank G. Harmon, James Plummer, Baker & Botts, Ansel M. Kahn, Houston, for appellant.

Eugene Pitman, DeLange, Hudspeth, Pitman & Katz, Houston, for appellees.

J. CURTISS BROWN, Chief Justice.

This is a suit for specific performance of a contract for the sale of real estate.

Alton Hues and his wife, Bethine Hues (the Hues or appellees), brought suit against Joseph C. W. Smith (Smith or appellant) to obtain specific performance of, or in the alternative damages for defendant's breach of, a contract for the sale of land in which plaintiffs were the purchasers and defendant was the seller. After a nonjury trial, the trial court entered a judgment decreeing specific performance. Smith has perfected this appeal.

Shortly prior to February 11, 1971 the parties verbally agreed on a sale by Smith to the Hues of certain land for a price of $1,000 per acre, the exact acreage of the property to be determined by a future survey. On February 11 the parties met with

Smith's attorney to discuss a proposed draft of an earnest money contract. One provision of that draft gave the seller a reasonable time not to exceed ninety days in which to cure any objections to the title to the property. At the meeting there was a discussion of an apparently forged deed which purported to convey the property from Smith to a third party. As a result of that discussion the above provision was changed to allow the seller eighteen months to cure such objections. The contract was signed on February 11, 1971. The Hues subsequently found that the title company designated as the escrow agent in the contract was unwilling to accept the earnest money deposit. After contacting Smith's attorney they placed the money with a different title company.

In August, 1971 Smith filed suit to clear his title to the property. A judgment clearing his title was eventually entered in May of 1974. Meanwhile, the Hues had the land surveyed to determine the exact acreage, and in August of 1972, shortly before the expiration of eighteen months from the date the contract was signed, tendered to Smith 10% of the purchase price in cash along with a promissory note for the remainder, which the contract required. Smith failed to tender to appellees a deed, and this suit was brought shortly thereafter.

Appellant's first point of error asserts that the decree of specific performance is improper because time was of the essence in the contract, and appellees failed to consummate the purchase within the specified time. The contract provided, *inter alia*:

"Notwithstanding printed provisions to the contrary, the parties to this contract hereby agree as follows:

&ast; &ast; &ast; &ast; &ast; &ast;

"(2) Purchaser shall have sixty (60) days from date of execution hereof in which to consummate said purchase.

&ast; &ast; &ast; &ast; &ast; &ast;

"(4) Purchasers will not be required to perform said contract and Sellers sole remedy will be liquidated damages the amount of money deposited in escrow by the purchasers."

Appellant argues that clause (2) above evidences an intention that time should be of the essence, and in addition, that clause (4) above makes the contract an option contract in which time is always of the essence. From this he reasons that appellees' tender came long after the contract had expired by its own terms.

We agree with appellant that since he, as seller, had a mandatory obligation to accept the sum stipulated to be liquidated damages in lieu of appellees' further liability, thereby relieving appellees of the obligation to pay the purchase price, this contract was an option contract and not an absolute agreement of sale and purchase. *Paramount Fire Insurance Co. v. Aetna Casualty & Surety Co.,* 163 Tex. 250, 353 S.W.2d 841 (1962); *Texlouana Producing & Refining Co. v. Wall,* 257 S.W. 875 (Tex.Com.App., 1924, jdgmt. adopted); *Tabor v. Ragle,* 526 S.W.2d 670 (Tex.Civ.App., Fort Worth 1975, writ ref'd n. r. e.); *Gala Homes, Inc. v. Fritz,* 393 S.W.2d 409 (Tex. Civ.App., Waco 1965, writ ref'd n. r. e.). It has long been the rule that time is always of the essence in an option contract. *Johnson v. Portwood,* 89 Tex. 235, 34 S.W. 596 (1896); *White v. Miller,* 518 S.W.2d 383 (Tex.Civ.App., Tyler 1974, writ dism'd).

However, even where time is of the essence, the stipulated time limit may be extended either by agreement or by waiver. *Puckett v. Hoover,* 140 Tex. 1, 202 S.W.2d 209 (1947); *Langley v. Norris,* 141 Tex. 405, 173 S.W.2d 454 (1943); *Laredo Hides Co. v. H. & H. Meat Products Co.,* 513 S.W.2d 210 (Tex.Civ.App., Corpus Christi 1974, writ ref'd n. r. e.). Such a waiver "not only may be shown by parol, but may be made to appear from the circumstances or course of dealing." *Puckett v. Hoover, supra,* 202 S.W.2d at 212.

The trial court filed findings of fact and conclusions of law, among which are the following:

"10. That Defendant, by and through his actions and actions of his duly authorized attorneys, led Plaintiffs to believe

and represented to Plaintiffs that Plaintiffs would have such time for the completion of the purchase of the property described in Plaintiffs' Exhibit No. 1 as was required for Defendant to remove the cloud upon Defendant's title cast by the document, Plaintiffs' Exhibit No. 2, but not exceeding 18 months from the date of said contract, within which to consummate Plaintiffs' purchase of the property from Defendant, pursuant to Plaintiffs' Exhibit No. 1.

"11. That the Plaintiffs reasonably relied upon such actions and representations on the part of the Defendant and Defendant's attorneys.

"12. That all actions and representations made and demonstrated to Plaintiffs by Defendant's said attorneys were expressly authorized by the Defendant.

"13. That all actions and representations made by Defendant's attorneys to Plaintiffs and demonstrated to Plaintiffs were within the apparent authority of Defendant's said attorneys.

"14. That the Plaintiffs reasonably relied upon the apparent authority conferred upon Defendant's attorneys by Defendant.

"15. That the Defendant is estopped to deny that the Plaintiffs attempt to conclude their purchase pursuant to Plaintiffs' Exhibit No. 1 was timely.

"16. That the Defendant agreed that the time for performance of the contract, Plaintiffs' Exhibit No. 1, by the Plaintiffs would extend to and include the time necessary for Defendant to remove the cloud cast upon his title by Plaintiffs' Exhibit No. 2, but not exceeding 18 months after the date of said Plaintiffs' Exhibit No. 1.

\* \* \* \* \* \*

"18. That Defendant's attorneys agreed that the time for performance of the obligations of Plaintiffs for the purchase of property as described in Plaintiffs' Exhibit No. 1 would extend to and include such time as was necessary for Defendant to cause the cloud cast upon his title to said property by Plaintiffs' Exhibit No. 2 to be removed and cancelled, but not to exceed 18 months after the date of Plaintiffs' Exhibit No. 1."

In his original brief, appellant had no points of error attacking or challenging these findings. After this cause was submitted on oral argument, appellant filed a motion for leave to file a "Reply and Amended Brief." We denied appellant's motion for leave to file an amended brief in which new points were raised, and granted his motion for leave to file a reply brief in which no new points were raised. In a "Reply Brief," appellant has challenged the above findings of fact as being erroneous because the appellees failed to affirmatively plead estoppel and waiver, as required by Tex.R.Civ.P. 94. This is a new point, not raised in appellant's original brief, and we decline to consider it. See *Green Light Co. v. Moore,* 485 S.W.2d 360 (Tex.Civ.App., Houston [14th Dist.] 1972, no writ); *Reynolds v. Steves,* 356 S.W.2d 200 (Tex.Civ. App., San Antonio 1962, no writ); *Krumb v. Porter,* 152 S.W.2d 495 (Tex.Civ.App., San Antonio 1941, writ ref'd).

 It is well settled that absent a proper attack on material findings of fact they are binding on appellant and must be accepted by this court. *Whited v. Mullins,* 515 S.W.2d 159 (Tex.Civ.App., Houston [1st Dist.] 1974, no writ); *Cortez v. Cortez,* 457 S.W.2d 131 (Tex.Civ.App., San Antonio 1970, no writ); *Hardeman v. Mitchell,* 444 S.W.2d 651 (Tex.Civ.App., Tyler 1969, no writ); *Curtis v. National Cash Register Co.,* 429 S.W.2d 909 (Tex.Civ.App., Amarillo 1968, writ ref'd n. r. e.); *Kroger Co. v. Warren,* 420 S.W.2d 218 (Tex.Civ.App., Houston [1st Dist.] 1967, no writ); *McKenzie v. Carte,* 385 S.W.2d 520 (Tex.Civ.App., Corpus Christi 1964, writ ref'd n. r. e.); *Thompson v. Larry Lightner, Inc.,* 230 S.W.2d 831 (Tex.Civ.App., San Antonio 1950, writ ref'd n. r. e.); *Curry v. E. E. Stone Lumber Co.,* 218 S.W.2d 293 (Tex.Civ. App., El Paso 1948, writ ref'd n. r. e.). Being a question of intention, the issue of waiver is one of fact where it is a matter of inference. *Ford v. Culbertson,* 158 Tex. 124, 308 S.W.2d 855 (1958). Therefore, even

though time was of the essence in this contract, we are bound by the trial court's findings that appellant had waived the 60-day time limitation, had agreed to allow appellees eighteen months in which to consummate the purchase, and is now estopped to deny that the appellees made a timely tender of performance. Appellant's first point of error is overruled.

Appellant's second point of error asserts that the contract is unenforceable because it lacks mutuality of obligation and mutuality of remedy. For evidence of the asserted lack of mutuality, appellant points to the aforementioned provision relieving appellees of the obligation to perform the contract and requiring appellant to accept the deposited earnest money as his sole remedy in case of a breach by appellees.

■ We have held that the provision in question made this contract an option contract. By their very nature such contracts lack mutuality of obligation and remedy at their inception. Yet if the option is properly accepted the optionor is bound thereby and the optionee may obtain specific performance. *Humble Oil & Refining Co. v. Westside Investment Corp.,* 428 S.W.2d 92 (Tex.Sup.1968).

■ Moreover, mutuality of remedy at the inception of the contract is not an essential element in a suit for specific performance of *any* contract, because the required mutuality may be supplied by performance by the party seeking specific performance. *Adams v. Abbott,* 151 Tex. 601, 254 S.W.2d 78 (1952). Appellant's second point is overruled.

■ Appellant's third point of error asserts that the contract is unenforceable because appellees failed to deposit the earnest money with the proper escrow agent. The contract indicated that the appellees were to place a deposit of $250.00 as earnest money in escrow with "Houston Title Guaranty Company." The evidence showed that when appellees attempted to do this, the Houston Title Company refused to accept their deposit because it was representing an individual claiming title to the same property through the forged deed referred to above. Appellees immediately contacted appellant's attorney, who told them to deposit the earnest money with the Stewart Title Company. Appellant argues that any agreement to change the escrow agent to Stewart Title Company was not in writing, as required by the Statute of Frauds, and was therefore ineffective to modify the express terms of the contract designating the Houston Title Company as escrow agent. Appellant contends that the depositing of the earnest money with the specified title company was a condition precedent to the formation of an enforceable contract, which condition the appellees failed to perform.

We do not believe that this is the sort of oral modification that falls within the prohibition of the Statute of Frauds. In the case of *Garcia v. Karam,* 154 Tex. 240, 276 S.W.2d 255 (1955), the supreme court stated that in determining whether or not an oral modification of a written contract is prohibited by the Statute of Frauds a court should look to the written contract before modification and to the character of the modification itself.

> "If neither the portion of the written contract affected by the subsequent modification nor the matter encompassed by the modification itself is required by the Statute of Frauds to be in writing, then the oral modification will not render the contract unenforceable." *Id.* 276 S.W.2d at 257.

In *Garcia,* the parties had entered into an agreement whereby one was to accept $20,000.00 worth of merchandise as a portion of the consideration to be paid him. The written contract indicated that an inventory of this merchandise would be required. However, it was alleged that the contract had been orally modified so as to eliminate the necessity of taking an inventory. The court held that such a modification was not prohibited by the Statute of Frauds, noting that

> "the modification did not constitute a change in the character or value of the consideration originally contracted for. It amounted only to a change of one

incidental condition relating to the time and manner of evaluating the agreed-upon stock of merchandise. . . ." 276 S.W.2d at 257.

■ We think the modification in the instant case was of just such an "incidental condition," and neither constituted a change in the character or value of the consideration originally contracted for nor was required to have been stated in writing in the original contract. Therefore the modification did not need to be stated in writing for the contract to be enforceable. Cf. *Dracopoulas v. Rachal,* 411 S.W.2d 719 (Tex.Sup. 1967); *Grayson Enterprises, Inc. v. Texas Key Broadcasters, Inc.,* 390 S.W.2d 346 (Tex.Civ.App., Eastland 1965, writ dism'd).

■ Further, the trial court made the following findings of fact relevant to this issue:

"6. On February 11, 1971 and after execution of Plaintiffs' Exhibit No. 1 by Plaintiffs and Defendant, the parties discovered that Houston Title Guaranty Company, a Company designated as the Escrow Agent in Plaintiffs' Exhibit No. 1 was unwilling to accept such escrow, Defendant's attorney, Mr. Charles Laswell, agreed that such contract and earnest money be escrowed with Stewart Title Company at Conroe, which agreement was evidenced by memorandum in writing thereafter (Plaintiffs' Exhibit No. 3).

"7. That Defendant's attorney, Charles Laswell, had authority from Defendant to amend Plaintiffs' Exhibit No. 1 to the extent of agreeing upon escrow of Plaintiffs' Exhibit No. 1 and the earnest money with Stewart Title Company.

"8. That Defendant's attorney, Charles Laswell, had apparent authority from Defendant to amend Plaintiffs' Exhibit No. 1 to the extent of agreeing upon escrow of Plaintiffs' Exhibit No. 1 and the earnest money with Stewart Title Company.

"9. That Plaintiffs relied upon such apparent authority of the Defendant's attorney, Charles Laswell, to amend Plaintiffs' Exhibit No. 1 to the extent of changing the escrow agent from Houston Title Guaranty Company to Stewart Title Company."

As with the trial court's other findings of fact, appellant has no points of error expressly attacking these findings and is therefore bound by them. In any event, we have examined the record and concluded that the above findings are supported by some evidence of probative value. Appellant's third point of error is overruled.

■ Appellant's fourth point of error asserts that appellees failed to properly tender performance under the contract. His complaint goes to the manner in which the promissory note was to be paid. The note tendered by appellees was exactly as the contract required, except that the following words were added:

"[A]nd as payments are made, they shall first be applied to the payment of all interest accrued to the time of such payment, and the balance, if any shall be applied in reduction of the principal hereof. . . ."

It is this addition that appellant contends rendered appellees' tender of performance improper.

The contract obviously contemplated some sort of prepayment of principal. There were numerous clauses providing for "partial releases" from the lien securing payment of the note upon payment of $1,200.00 per acre for each acre sought to be released. Two of the paragraphs regarding such releases were stated as follows:

"Payments of principal sums for partial releases shall be credited to the subsequently maturing principal installments in order of maturity.

"Sums paid on the principal of the above note shall entitle purchaser to the partial release of tracts later to be designated by purchaser to the same extent as if such payment had been made expressly for the purpose of obtaining a partial release."

Considering the option for partial releases contained in the contract, the provision in the note directing the order in which payments were to be applied as between principal and interest was not inconsistent with

the terms of the contract. Certainly it is not such a material breach of the contract as would prevent appellees from obtaining specific performance. See *Cowman v. Allen Monuments, Inc.,* 500 S.W.2d 223 (Tex. Civ.App., Texarkana 1973, no writ); Restatement of Contracts § 375 (1932); cf. *Bowen v. Briscoe,* 453 S.W.2d 287 (Tex.Sup. 1970). Appellant's fourth point of error is overruled.

In his fifth point of error appellant asserts that the contract is too vague and indefinite to be enforceable by specific performance. He argues that the contract does not recite a definite purchase price, an amount of the vendor's lien note, or a date or place of payment of the note, and does not provide any specific terms of the deed of trust.

The provision of the contract relating to price and payment reads as follows:

"The consideration for the sale and conveyance of said property is $1,000.00 per acre, payable as follows: 10% of purchase price cash to be paid by Purchaser contemporaneously with the conveyance of said property by Seller to Purchaser; and the balance of said purchase price to be evidenced by and paid in accordance with the terms and conditions of that one certain promissory note for ninety (90%) per cent of the purchase price of said land, bearing interest at the rate of eight (8%) per cent per annum, interest payable semiannually, the principal being payable in ten equal annual installments with the first installment of principal being due and payable on or before one (1) year from date of closing and with a like installment being due and payable the same day of the same month of each succeeding year, until said note, both principal and interest, is paid in its entirety."

■ The well-established test for determining if specific performance may be decreed is whether or not the essential terms of the contract are expressed with reasonable certainty. *Johnson v. Snell,* 504 S.W.2d 397 (Tex.Sup.1973); *Bryant v. Clark,* 163 Tex. 596, 358 S.W.2d 614 (1962); *Langley v. Norris,* 141 Tex. 405, 173 S.W.2d 454 (1943).

See also Restatement of Contracts § 370 (1932).

■ In the instant case the purchase price is definitely established by the contract, subject only to a determination of the exact acreage of the property. This is sufficiently certain to allow specific performance. Cf. *Johnson v. Snell, supra.* The amount of the vendor's lien note, likewise dependent only on a determination of acreage and a simple mathematical calculation, is also sufficiently certain. Although the contract names no specific date for payment of the note, the requirements that the first installment be paid within one year of the date of closing and that the remaining payments be made on the same day of the same month of each succeeding year are not so uncertain as to preclude specific performance. Cf. *Gorme v. Axelrad,* 519 S.W.2d 139 (Tex.Civ.App., Houston [14th Dist.] 1975, no writ); *Buhler v. McIntire,* 365 S.W.2d 237 (Tex.Civ.App., Austin 1963, writ ref'd n. r. e.). Where no place of payment is specified in a promissory note, the law establishes the proper place of presentment. *Faulk v. Futch,* 147 Tex. 253, 214 S.W.2d 614 (1948); *Hamilton v. Newbury,* 412 S.W.2d 801 (Tex.Civ.App., Dallas 1967, writ ref'd n. r. e.). See also Tex.Bus. & Comm.Code Ann. § 3.504(b)(3) (1968). Therefore, the absence of such a provision in a contract creates no uncertainty. Finally, the failure of a real estate sales contract to provide the fundamental provisions of a deed of trust does not render it unenforceable by specific performance. *Johnson v. Snell, supra,* 504 S.W.2d 397 at 399. We hold that the present contract is not so vague or indefinite that it may not be enforced by specific performance. Appellant's fifth point of error is overruled. The judgment of the trial court is affirmed.

Affirmed.