C.H. LLOYD, Jr., Appellant,

v.

M.A. HOLLAND, III, Trustee, Appellee.

No. A14–82–546CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 18, 1983.

Steve Hebert, Baytown, for appellant.

Mark D. Wilson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellee, M.A. Holland, III, (purchaser) sued appellant, C.H. Lloyd (seller) for specific performance of a contract for the sale of land. The trial court granted summary judgment for purchaser and seller appeals, contending that the motion for summary judgment was legally insufficient because certain of the contract terms were ambiguous and unclear. We reverse and remand.

Seller and his two sisters each owned an undivided one-third interest in a seventy-three acre tract located in Harris County. They signed an earnest money contract for the sale of their property to purchaser. Seller's two sisters consummated the sale of their interests, but he refused to close on the grounds that the contract lacked assent because the price was in dispute, and other terms were not reasonably certain.

Purchaser's only summary judgment evidence for specific performance consisted of an affidavit by the closer for the title company saying that purchaser was ready to tender performance under the contract; an affidavit of the real estate agent verifying his status as such; a copy of the original contract with corrections by seller and his sisters; a copy of the final version of the contract; and an affidavit of the purchaser saying he was willing to buy the land. There was an allegation in the motion for summary judgment that all the terms and provisions of the contract were clear and unambiguous.

Seller's written answer to the motion for summary judgment alleged fraud, duress, or misrepresentation which induced him to sign the contract. He also alleged lack of mutual assent to the contract. In his supporting affidavit, he swore to the truth of the allegations in his first amended original answer. Again, he alleged fraud and misrepresentations which induced him to sign. Finally, he alleged misunderstanding as to the price per acre to be paid. We note that in the record before us, there is no evidence of fraud on the part of the purchaser. Indeed, all allegations of fraud, duress, and misrepresentation are directed at the real estate agent employed by the seller.

▪ Further, we point out that pleadings, by reference or otherwise, do not constitute summary judgment proof. *Hidalgo*

*v. Surety Savings & Loan Association,* 462 S.W.2d 540 (Tex.1971). However, notwithstanding the frailities in the seller's answer and controverting affidavits, he may still attack the legal sufficiency of the grounds raised in the motion for summary judgment on appeal. This is so because the movant has the burden of proof that as a matter of law there is no material fact issue. TEX.R. CIV.P. 166–A. The summary judgment must stand on the merits of its own supporting evidence. If legally insufficient, a summary judgment motion cannot be granted even by default, *City of Houston v. Clear Lake Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Thus, it was the purchaser's burden to show that the contract was reasonably clear and unambiguous in order that summary judgment could be granted. Particularly is this true with regard to suits for specific performance. Generally, a contract must be reasonably definite and certain before its terms will be specifically enforced. *Gorme v. Axelrad,* 519 S.W.2d 139 (Tex.App.—Houston [14th Dist.] 1975, no writ).

■ Since the only relevant evidence as to its legal sufficiency for specific performance is the contract itself, we now summarize its relevant parts. The first of which, fixes the price of the land at "$5,000 per acre net of all easements and flood plain land." It further provides that:

"Seller agrees to provide a current survey with the total purchase price to be based upon that portion of the land which is the acreage net of all easements and outside the 100 year flood plain."

With regard to how payment was to be made, the contract provided that $60,000 was to be paid at the time of conveyance; and:

"a promissory note with a vendor's lien for the balance of the purchase price, payable in seven (7) equal annual installments of principal and interest .. said note to bear interest at the rate of 12% per annum with the first amortized payment of principal and interest to be due one (1) year following the date of closing ..." "... said note shall provide for partial releases for the payment of $6,000 per acre with such payment to be credited to the next annual payment."

We hold that these material terms of the contract regarding price and the method of payment are unclear and cannot be determined with any degree of reasonable certainty from the face of the contract. For example, no date is specified on which the seller is to provide the survey necessary to the price determination. Likewise, the method for determining the total price is unclear. Nor does the contract set out the specific time and manner in which the note is to be paid. The contract does provide that the balance is to be paid in seven equal annual installments of principal and interests; however, it does not specify the exact amount of several installments, and it neglects to indicate what portion of the payment is principal and what portion is interest.

As to the partial release clause, purchaser argues that it is not an essential term of the contract and, therefore, not subject to the test of reasonable certainty. We disagree. It provides that acreage may be released for $6,000 per acre, and such payment will be credited to the next due annual payment. However, it fails to state how or whether the payments would affect the interest to be charged. The application of the $6,000 payments to the principal balance is also unclear. Finally, the partial release clause specifies no standards by which acreage is to be released. If valuable, centrally located acreage is to be released, how would this affect the remaining tract in the event of purchaser's subsequent default? The contract is silent.

We are precluded from imposing additional terms or conditions which would effectively make and enforce a new contract. Even our usual interpretive aids, such as common usage and reasonable implication of fact, cannot assist us. We reiterate that the remedy of specific performance is an equitable remedy and greater certainty respecting terms and conditions are required in equity than at law. The contract sought to be enforced must be fair in all its terms,

free from any misrepresentations, fraud, mistake or misapprehensions. *Paxton v. Spencer,* 503 S.W.2d 637 (Tex.Civ.App.— Corpus Christi 1973, no writ); *Burr v. Greenland,* 356 S.W.2d 370 (Tex.Civ.App.— El Paso 1962, writ ref'd n.r.e.). We find that the uncertainties in this contract preclude the granting of a summary judgment for specific performance.

Accordingly, the judgment of the trial court is reversed and the cause remanded for a trial on its merits.