**AFFIRM; and Opinion Filed December 19, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01393-CV

**WOODHAVEN DR. 1401 LAND TRUST, Appellant**
**V.**
**CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF NRZ PASS-THROUGH TRUST VI,[1] Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-02540-2016**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Myers
Opinion by Justice Fillmore

This case involves the priority of competing liens on foreclosed real property. Woodhaven Dr. 1401 Land Trust (Woodhaven) appeals the trial court's order denying its motion for summary judgment and granting the motion for summary judgment filed by Citibank, N.A., Not In Its Individual Capacity, but Solely As Trustee of NRZ Pass-Through Trust VI (Citibank). In a single issue, Woodhaven contends the trial court erred in determining Woodhaven's lien was subordinate to Citibank's lien and granting summary judgment in favor of Citibank. We affirm the trial court's judgment.

---

[1] Woodhaven incorrectly designated Bank of America, N.A. (BOA) as appellee. Although BOA filed the original petition in this lawsuit, the trial court granted BOA's motion to substitute Citibank, N.A., Not In Its Individual Capacity, but Solely As Trustee of NRZ Pass-Through Trust VI (Citibank) as the plaintiff. Citibank filed the motion for summary judgment that is the subject of this appeal, and the trial court granted summary judgment, including declaratory relief, in favor of Citibank.

## Background

In December 2002, Daniel and Diana Budd (Budds) purchased real property at 1401 Woodhaven Drive, McKinney, Texas (Property), and executed a deed of trust in favor of Countrywide Home Loans, Inc. (Countrywide) to secure a note in the amount of $198,000.00. The deed of trust was filed in the Collin County public records. This lien was released in 2003. On April 4, 2007, the Budds executed a Texas Home Equity Note in favor of Countrywide, in the sum of $400,000.00 (the Note). The Note was secured by a "Texas Home Equity Security Instrument (First Lien)" encumbering the Property (First Lien Deed of Trust), which was recorded in the Collin County public records.[2] Countrywide, via its nominee Mortgage Electronic Registration Systems, Inc. (MERS), assigned the First Lien Deed of Trust to Bank of America, N.A. (BOA) on September 20, 2012, which assignment was recorded in the Collin County public records. On May 3, 2016, BOA assigned the First Lien Deed of Trust to Citibank; that assignment was recorded in the Collin County public records. Citibank thereby is the assignee and beneficiary of the First Lien Deed of Trust.

The Property was subject to a homeowner's association (HOA) declaration of covenants, conditions and restrictions (the Declaration), which was recorded in the Collin County public records. The Declaration required each homeowner to pay HOA assessments, and created an assessment lien securing the homeowner's obligation to pay such assessments. The Budds failed to pay certain HOA assessments, and the HOA enforced the assessment lien by foreclosing on the Property on January 5, 2016. Woodhaven purchased the Property at the HOA foreclosure sale. A Substitute Trustee's Deed was recorded in the Collin County public records.

---

[2] Several post-2002 liens on the Property existed and were released prior to execution of the Note and First Lien Deed of Trust that are subjects of this appeal. Those released liens are not at issue in this appeal.

BOA filed suit against Woodhaven on June 14, 2016, seeking to quiet title to the Property and for declaratory judgment that its First Lien Deed of Trust was valid, the First Lien Deed of Trust was superior to the assessment lien, and BOA held clear title to the Property. Citibank was substituted as plaintiff on February 6, 2017. On July 20, 2017, Citibank filed a traditional motion for summary judgment to quiet title to the Property and for a declaration that Citibank's First Lien Deed of Trust was valid, Citibank held the superior lien encumbering the Property, and any interest Woodhaven held in the Property was subject to Citibank's lien. On August 16, 2017, Woodhaven filed a counter petition seeking to quiet title to the Property in its favor, a response to Citibank's motion for summary judgment, and a cross-motion for traditional summary judgment. The trial court granted summary judgment, including declaratory relief, in favor of Citibank on September 8, 2017. Woodhaven's motion for new trial was denied by operation of law. This appeal followed.

**Standard of Review**

We review the trial court's ruling on a motion for summary judgment de novo. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017). To prevail on a traditional motion for summary judgment, the moving party has the burden to demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017) (per curiam). Once the moving party produces sufficient evidence to establish its right to judgment, the burden shifts to the non–movant to come forward with competent controverting evidence sufficient to raise a genuine issue of material fact. *Stanfield v. Neubaum*, 494 S.W.3d 90, 97 (Tex. 2016); *Leonard v. Knight*, 551 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2018, no pet.). "When both parties move for summary judgment and the trial court grants one motion and denies the other, we review all the summary judgment evidence, determine all questions presented, and render the judgment the trial court should have."

*Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017) (quoting *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)).

**Suit to Quiet Title**

A suit to quiet title is an equitable remedy intended to clarify ownership and remove any cloud on title to property. *See Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." *Id.* If a plaintiff prevails in a suit to quiet title, the defendant's claim to title is invalid. *Id.*

To prevail in a suit to quiet title, a plaintiff must prove: (1) he has an interest in the property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 572 (Tex. App.—Amarillo 2013, pet. denied). A suit to quiet title relies on the invalidity of the defendant's claim to the property. *See Carter*, 371 S.W.3d at 388. The plaintiff has the burden of providing the proof necessary to establish his superior equity and right to relief. *Id.* The plaintiff must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove. *Id.*

**Analysis**

In its motion for summary judgment, Citibank asserted the summary judgment evidence established the Declaration expressly subordinated the assessment lien to bona fide first mortgages, the First Lien Deed of Trust was a bona fide first mortgage, and Citibank was "the mortgagee for the subject mortgage." On that basis, Citibank argued there was no genuine issue of material fact and the evidence conclusively established it was entitled to summary judgment on its claim to quiet title to the Property, as well as a declaratory judgment that Citibank's First Lien Deed of

Trust was valid, Citibank held the first lien encumbering the Property, and any interest Woodhaven had in the Property was subordinate to Citibank's first lien. Citibank's summary judgment evidence included, in relevant part, the Declaration, the deed of trust executed by the Budds on December 10, 2002 and the 2003 release of that lien, several subsequent liens and releases of related deeds of trust, the assignment of the 2007 deed of trust from BOA to Citibank, and the First Lien Deed of Trust held by Citibank.

Woodhaven's cross-motion for summary judgment asserted the summary judgment evidence established the Declaration only subordinated the assessment lien to deeds of trust and mortgages for purchase money or home improvement, the First Lien Deed of Trust was "not for purchase money," and there was "no evidence that any amounts used in the various extensions of credit were for improvement."[3] Woodhaven argued the evidence conclusively established the First Lien Deed of Trust was subordinate to the assessment lien, and the foreclosure of the assessment lien terminated all "junior" liens, including the lien claimed by Citibank. On that basis, Woodhaven argued there was no genuine issue of material fact, and requested the trial court deny Citibank's motion for summary judgment and "enter a judgment in favor of [Woodhaven]."[4] Woodhaven's summary judgment evidence included, in relevant part, the Declaration, the deed of trust executed by the Budds on December 10, 2002 and the 2003 release of that lien, several subsequent liens and releases of related deeds of trust, and the First Lien Deed of Trust held by Citibank.

The trial court's order granting Citibank's motion for summary judgment stated,

> [Citibank] is entitled to summary judgment on its claim seeking judgment quieting title as well as declaratory judgment that [(1.) Citibank] has a valid Deed of Trust; (2.) [Citibank] holds the first lien encumbering 1401 Woodhaven Drive, McKinney, Texas 75070; and (3.) the homeowner's

---

[3] Woodhaven additionally argued the First Lien Deed of Trust was subordinate to the assessment lien because the amount borrowed was "over three times the amount of the original loan," further evidencing the loan was not for the purpose of home improvement or purchase money.

[4] Woodhaven's counter petition, but not its cross-motion for summary judgment, asked the trial court to quiet title to the Property in its favor.

association lien was subordinate to [Citibank's] first lien and that [Woodhaven] purchased the Property subject to [Citibank's] first lien.

Generally, the priority of liens on property is governed by the "first in time is first in right" rule, *see AMC Mortg. Servs., Inc. v. Watts*, 260 S.W.3d 582, 585 (Tex. App.—Dallas 2008, no pet.), meaning priority is determined according to the order in which the liens were created. Here, however, both parties rely on the terms of the Declaration to govern the priority of their competing liens and claim the other party's lien is subordinate.

The Declaration provided, "there has existed and shall continue to exist a self-executing and continuing contract Payment and Performance Lien and equitable charge on each Lot to secure the full and timely payment of each and all assessments," and unpaid assessments "become a continuing debt secured by the self-executing Payment and Performance Lien on the Lot." While the Declaration provided that unpaid assessments became a continuing lien on the Property, the lien was expressly subordinate to certain other liens and encumbrances. Specifically, section 5.11 of the Declaration stated the lien securing HOA assessments was:

> [S]uperior to any and all other charges, liens or encumbrances which may hereafter in any manner arise . . . except for:
>
> A.   Bona-fide first mortgage or deed of trust liens for purchase money and/or home improvement purposes placed upon a Lot, ***including without limitation, Institutional Mortgages and Eligible Mortgages***, in which event the Association's lien shall automatically become subordinate and inferior to such lien[.]

(Emphasis added.) Section 1.33 of the Declaration broadly defined "Institutional Mortgage" as:

> [A]ny bona-fide mortgage, lien or security interest held by a bank, . . . or other recognized lending institutions[.]

Thus, the Declaration provided that HOA assessment liens were subordinate to first mortgage or deed of trust liens for purchase money and/or home improvement purposes, including but not limited to any mortgage, lien, or security interest held by a bank or other recognized lending institution.

The pertinent question on appeal is whether the First Lien Deed of Trust qualified as an Institutional Mortgage under section 1.33 of the Declaration. We conclude that it does. The summary judgment evidence showed the First Lien Deed of Trust was executed on April 4, 2007, recorded in the Collin County public records, and is currently owned by Citibank. The First Lien Deed of Trust indicated by its title that it was a "Texas Home Equity Security Instrument." The First Lien Deed of Trust stated,

> This Security Instrument secures to Lender: (i) the repayment of the Extension of Credit, and all extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the [Property.]

The First Lien Deed of Trust named a trustee and stated that, to secure a debt evidenced by a note, "Borrower irrevocably grant[ed] and convey[d] [the Property] to Trustee, in trust, with power of sale." Section 21 of the First Lien Deed of Trust authorized the lender to accelerate the debt in the event of default and to "invoke the power of sale" if the default was not cured. Section 22 provided the terms governing a foreclosure sale of the Property by the trustee. Under section 22, "Borrower authorize[d] Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines," and required the trustee to deliver a trustee's deed to the purchaser of the Property.

Woodhaven does not contend the First Lien Deed of Trust was not a deed of trust or mortgage, nor could it. A deed of trust is a deed conveying title to real property to a trustee as security until the grantor repays a loan,[5] "more simply" stated as "a mortgage with power to sell on default." *Riner v. Neumann*, 353 S.W.3d 312, 318 (Tex. App.—Dallas 2011, no pet.) (quoting *Johnson v. Snell*, 504 S.W.2d 397, 399 (Tex. 1973)). Likewise, Black's Law Dictionary defines "mortgage" as:

---

[5] *Id.* at 318 (quoting BLACK'S LAW DICTIONARY (8th ed. 2004)).

1. A conveyance of title to property that is given as security for the payment of a debt or the performance of a duty and that will become void upon payment or performance according to the stipulated terms[,]

2. A lien against property that is granted to secure an obligation (such as a debt) and that is extinguished upon payment or performance according to stipulated terms[,]

*Mortgage*, BLACK'S LAW DICTIONARY (10th ed. 2014). This definition does not limit the purpose of the debt to purchase money or home-improvement. This Court has recognized home-equity security instruments as deeds of trust. *See Riner*, 353 S.W.3d at 318–19.

The summary judgment evidence showed that Citibank is a bank that held a security interest in the Property by virtue of the assignment by BOA to Citibank of the First Lien Deed of Trust. The express language of section 5.11 of the Declaration subordinated the assessment lien to certain liens "including without limitation, Institutional Mortgages." Section 1.33 of the Declaration broadly defined "Institutional Mortgages" to include a "mortgage, lien or security interest held by a bank." Section 1.33 did not restrict the definition of Institutional Mortgage to mortgages for purchase money or home-improvement purposes.

As a security instrument to secure repayment of the Note, the First Lien Deed of Trust was a valid deed of trust or mortgage. It evidenced the lender's lien on the Property, conveyed the Property to the trustee as security in trust with power of sale in the event of default on the Note, granted the trustee the power to sell and convey the Property in a foreclosure sale, and thus constituted a mortgage with power to sell on default. *Id*. As a valid mortgage, lien, or security instrument held by a bank, we conclude the summary judgment evidence established Citibank's First Lien Deed of Trust lien qualified as an Institutional Mortgage under section 1.33 of the Declaration, and pursuant to section 5.11 of the Declaration, was superior to Woodhaven's assessment lien.

**Conclusion**

Woodhaven did not provide evidence raising a genuine issue of material fact that Citibank's claim to the Property was invalid or improper. *See Stanfield*, 494 S.W.3d at 97. To the contrary, the summary judgment evidence conclusively established Citibank's lien was valid and superior to Woodhaven's lien. Therefore, we conclude the trial court did not err in granting summary judgment and a declaratory judgment in favor of Citibank. We resolve Woodhaven's sole issue against it.

We affirm the trial court's judgment.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


171393F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

WOODHAVEN DR. 1401 LAND TRUST, Appellant

No. 05-17-01393-CV          V.

CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF NRZ PASS-THROUGH TRUST VI,[6] Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-02540-2016.
Opinion delivered by Justice Fillmore, Justices Lang-Miers and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF NRZ PASS-THROUGH TRUST recover its costs of this appeal from appellant WOODHAVEN DR. 1401 LAND TRUST.

Judgment entered this 19th day of December, 2018.

---

[6] Woodhaven incorrectly designated Bank of America, N.A. (BOA) as appellee. Although BOA filed the original petition in this lawsuit, the trial court granted BOA's motion to substitute Citibank, N.A., Not In Its Individual Capacity, but Solely As Trustee of NRZ Pass-Through Trust VI (Citibank) as the plaintiff. Citibank filed the motion for summary judgment and declaratory judgment subject of this appeal, and the trial court granted summary judgment and declaratory judgment in favor of Citibank.