A.L.G. ENTERPRISES, INC. and W. Scott Berry, Petitioners,

v.

Robert W. HUFFMAN and Maxine Huffman, Respondents.

No. C–2665.

Supreme Court of Texas.

April 11, 1984.

True & McLain, Roy J. True and Jerry T. Steed, Dallas, for petitioners.

R. Jack Ayres, Jr., P.C., and Kenneth F. Nye, Dallas, for respondents.

PER CURIAM.

This is a suit seeking to enjoin the foreclosure sale of certain real property owned by the Huffmans and to rescind the sale of a liquor store from A.L.G. to the Huffmans. The Huffmans claimed fraud and misrepresentation as grounds for rescission or, alternatively, that there was a mutual mistake between the parties as to the current financial condition of the liquor store which warranted rescission of the sales agreement. A.L.G. counterclaimed, seeking recovery of all money owed on the promissory note, attorneys' fees, interest, and judicial foreclosure of the Huffmans' real property which secured the promissory note. The jury found no fraud or misrepresentation but did find there had been a mutual mistake between the parties as to the current financial condition of the liquor store at the time of the sale. The trial court rendered judgment that A.L.G. recover nothing from the Huffmans and rescinded the contract of sale for the liquor store. The court of appeals reversed the judgment and remanded the cause for a new trial because the evidence was insufficient to show that the Huffmans and A.L.G. were mistaken as to the same material fact. 660 S.W.2d 603.

A.L.G. contends that a general remand of the entire case is contrary to Rule 434, Tex.R.Civ.P., which provides that "if it appear[s] to the court that the error affects a part only of the matter in controversy and that such part is clearly separable without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such

error, ..." We agree with A.L.G. that a general remand by the court of appeals is contrary to Rule 434.

None of the parties complained of the jury findings that A.L.G. did not act fraudulently and did not knowingly or recklessly misrepresent a material fact to the Huffmans. The only points of error before the court of appeals were those dealing with the legal and factual sufficiency of the evidence on the mutual mistake issue. The Huffmans presented no cross-points to the court of appeals concerning the fraud findings.

We hold the mutual mistake issues are clearly separable from the fraud issues. Upon remand, the trial should not include a retrial of the fraud issues which have been fairly litigated and determined. Therefore, we limit the remand to the mutual mistake issues. Rule 503, Tex.R.Civ.P.

Pursuant to Rule 483, Tex.R.Civ.P., we grant A.L.G.'s application for writ of error and without hearing oral argument, reform the judgment of the court of appeals to remand the cause to the trial court for a retrial of the issues other than the fraud issues. As reformed, the judgment of the court of appeals is affirmed.